■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR GONZALEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis,

J.), rendered November 12, 1985, convicting him of attempted rape in the first degree and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The rule with respect to prompt outcry in cases of forcible rape is that the complaint of injury should be made promptly or at the first suitable opportunity by the injured woman and can be testified to by either the complainant or by any witness who heard her make such complaint (see, Richardson, Evidence § 292 [Prince 10th ed]; People v O'Sullivan, 104 NY 481; Baccio v People, 41 NY 265; People v Gomez, 112 AD2d 445, lv denied 66 NY2d 919). In the instant case, the trial court properly admitted evidence of the statement made by the complainant to her neighbor on the day following the alleged sexual assault.

Moreover, we reject the defendant's claim that the trial court unduly restricted his re-cross-examination of the complaining witness. While it is true that cross-examination is an essential component of the constitutional right of an accused to confront the witnesses against him (see, Davis v Alaska, 415 US 308; People v Bethune, 105 AD2d 262), and while this court has held that, in a criminal case, a party may prove through cross-examination any relevant proposition, irrespective of the scope of direct examination (see, People v Kennedy, 70 AD2d 181), it is well settled that once the parties have proceeded to redirect and re-cross-examination, inquiry as of right is limited to new matters brought out on the preceding examination, and the scope of examination otherwise rests within the sound discretion of the trial court (see, People v Melendez, 55 NY2d 445; People v Bethune, supra).

We find that the sentence imposed upon the defendant was not excessive (see, People v Semkus, 109 AD2d 902, on remand 122 AD2d 187, lv denied 68 NY2d 1004; People v Suitte, 90 AD2d 80). In addition, the sentencing court properly denied the defendant's application for waiver of the mandatory surcharge (see, Penal Law § 60.35; People v Marmolejos, 125 AD2d 335, lv denied 69 NY2d 830; People v West, 124 Misc 2d 622).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.