THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PRISE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered April 16, 1987, convicting him of sodomy in the first degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On December 31, 1985, the six-year-old complainant and his father visited the defendant at his apartment. Over the course of the day the father twice left the apartment to purchase liquor and food and during both of the father's absences the defendant sodomized the child by placing his mouth on the child's penis and forced him to look at pornographic pictures.

The defendant's claim that it was error for the child's mother to testify regarding the report of the attack made to her by her son later that night is unpreserved for appellate review as a matter of law (CPL 470.05 [2]). In any event, the

testimony was admissible for the purpose of showing that the child made a complaint at the first available opportunity *(People v O'Sullivan,* 104 NY 481; *People v Gonzalez,* 131 AD2d 873; *People v Gomez,* 112 AD2d 445, *lv denied* 66 NY2d 919). To the extent the mother was permitted to improperly testify as to the details of the attack *(Baccio v People,* 41 NY 265; *People v Ranum,* 122 AD2d 959), reversal in the interest of justice is not warranted because any error in this regard was harmless.

Furthermore, we find no error in the trial court's *Sandoval* ruling which permitted inquiry into the defendant's 1977 conviction for public lewdness, which, according to the People, resulted when the defendant exposed his penis to a 13-year-old girl on a subway. The court properly balanced the probative worth of the impeaching material against the risk that it might be taken by the jury as an indication of a propensity to commit the crimes charged *(see, People v Bennette,* 56 NY2d 142; *People v Roberts,* 103 AD2d 975).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Rubin, Harwood and Balletta, JJ., concur. *[See,* 135 Misc 2d 363.]