10-0467-ag
*Varughese v. Holder*

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2010

(Argued: November 10, 2010      Decided: November 12, 2010)

Docket No. 10-0467-ag

_____

VARUGHESE ADACKAMANGAL VARUGHESE,
a/k/a Varughese Varughese,

*Petitioner,*

−v.−

ERIC H. HOLDER, JR., United States
Attorney General,

*Respondent.*

_____

Before:
        B.D. PARKER, WESLEY, *Circuit Judges*, JONES, *Judge.*[*]

Petition for review of a final order of removal issued by the Board of Immigration Appeals ("BIA" or "Board"), on January 22, 2010, which affirmed the decision of the Immigration Judge ("IJ") finding petitioner removable as charged.  Petitioner contends principally that his removal is improper because his money laundering conviction, in violation of 18 U.S.C. 1956(a)(3)(b), does not constitute an "aggravated felony" under the INA.  He also challenges the

_____

[*] The Honorable Barbara S. Jones, of the United States District Court for the Southern District of New York, sitting by designation.

Board's conclusion that he is ineligible for adjustment of status pursuant to INA § 245, 8 U.S.C. § 1255.

PETITION DENIED.

———————————————

THOMAS E. MOSELEY, Law Offices of Thomas E. Moseley, Newark, NJ, *for Petitioner.*

CARMEL A. MORGAN, Trial Attorney, Office of Immigration Litigation, Civil Division, (Tony West, Assistant Attorney General, Russell J. E. Verby, Senior Litigation Counsel, *on the brief*), *for* Eric H. Holder Jr., United States Attorney General, *Respondent.*

———————————————

PER CURIAM:[1]

Petitioner Varughese Adackamangal Varughese seeks review of a final order of removal issued by the BIA, which affirmed the decision of the IJ finding Varughese removable as charged. *In re Varughese*, A 036 123 229 (B.I.A. Jan. 22, 2010). Specifically, the Board concluded that Varughese's conviction for money laundering, in violation of 18 U.S.C. § 1956(a)(3)(B), constitutes an "aggravated felony," rendering him removable pursuant to § 101(a)(43)(D) of the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1101(a)(43)(D). Varughese challenges that determination on appeal, along

---

[1] This matter was initially resolved by summary order, but we now reissue that decision following the grant of the Government's motion for publication of the summary order as a precedential opinion.

2

with the BIA's conclusion that he is ineligible for adjustment of status pursuant to INA § 245, 8 U.S.C. § 1255. We deny the petition for review.

## I. Background

Varughese, a native and citizen of India, was admitted to the United States on or about April 24, 1981 as a lawful permanent resident. On November 25, 2002, Varughese was arrested pursuant to a "sting" operation and charged in a one-count indictment with money laundering, in violation of 18 U.S.C. § 1956(a)(3)(b), which provides that

> [w]hoever, with the intent to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of specified unlawful activity . . . conducts or attempts to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity, or property used to conduct or facilitate specified unlawful activity, shall be fined under this title or imprisoned for not more than 20 years, or both.

On October 7, 2005, pursuant to a cooperation agreement, Varughese pled guilty to the charged offense. During the plea hearing, Varughese testified that he issued money orders through his check-cashing business to men that he believed to be connected with drug dealers. He further

3

testified that he did so in exchange for extra commissions, and admitted specifically to three transactions involving $30,000, $50,000, and $100,000, respectively. On July 16, 2008, the United States District Court for the Eastern District of New York (Trager, *J.*) sentenced Varughese to time served, along with three years of supervised release.

On March 30, 2009, Varughese was served with a Notice to Appear, charging him with removability pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of an "aggravated felony." Specifically, INA § 101(a)(43)(D), 8 U.S.C. § 1101(a)(43)(D) provides that an "aggravated felony" includes "an offense described in [18 U.S.C. § 1956] (relating to monetary instruments) if the amount of the funds exceeded $10,000." § 1101(a)(43)(D).

On several occasions in 2009, Varughese appeared before the IJ and contested his removability. Specifically, Varughese argued that: (1) he was not convicted of laundering "funds exceed[ing] $10,000," because the statute under which he was convicted uses the term "proceeds" and not "funds"; (2) even if the term "proceeds" is equated to "funds," the Supreme Court has interpreted the term "proceeds" in another context to mean "profits," and,

because this was a sting operation, no real profits were obtained; and (3) the legislative history of § 1956 indicates that the term "funds" actually refers to the amount of the fine imposed, and not the amount of money laundered.

On September 3, 2009, the IJ issued a written decision finding Varughese removable as charged. The IJ concluded that, because the money laundering statute under which Varughese pled guilty is silent as to monetary amount, it was appropriate to consider statements made by Varughese during his plea colloquy to determine the amount of funds implicated in the offense of conviction. In so doing, the IJ found "clear evidence" that Varughese's offense involved amounts far exceeding the $10,000 threshold set forth in the INA. Furthermore, the IJ rejected Varughese's contention that the statute's use of the word "funds" actually refers to the amount of the fine imposed, instead of the amount of money laundered. Accordingly, the IJ concluded that Varughese was removable as charged, and ordered him removed to India.

On January 22, 2010, the BIA dismissed Varughese's appeal. The BIA adopted, and expounded upon, the reasoning

of the IJ.  Specifically, the BIA explained that, pursuant to the Supreme Court's decision in *Nijhawan v. Holder*, --- U.S. ---, 129 S. Ct. 2294 (2009), the IJ properly relied upon the statements made by Varughese during his plea colloquy to conclude that the amount of funds involved in his crime exceeded $10,000.

Varughese now seeks review in this Court.  For the reasons that follow, Varughese's arguments are without merit.  His petition is therefore denied and his appeal dismissed.

**II. Discussion**

Where, as here, the BIA has adopted the IJ's reasoning and offered additional commentary, our Court reviews the decision of the IJ as supplemented by the Board. *Gertsenshteyn v. U.S. Dep't of Justice*, 544 F.3d 137, 142 (2d Cir. 2008).  "While the BIA's interpretation of immigration statutes is generally entitled to *Chevron* deference, interpretations in non-precedential unpublished BIA decisions, as in the instant case, are not so entitled." *Dobrova v. Holder*, 607 F.3d 297, 300 (2d Cir. 2010).  We need not, and do not, resolve whether such unpublished decisions are entitled to *Skidmore* deference, because our *de*

*novo* review reveals that the determination below was correct.

At the outset, we reject Varughese's contention that INA § 101(a)(43)(D), which defines an "aggravated felony" as a money laundering offense in which "the amount of the funds exceeded $10,000," 8 U.S.C. § 1101(a)(43)(D), captures only those violations of criminal statutes that use the specific word "funds." It is irrelevant that Varughese was convicted under a subsection of the money laundering statute that does not actually use the word "funds," because the phrase "the amount of the funds exceeded $10,000" in the INA simply "refers to the particular circumstances in which an offender committed a . . . crime on a particular occasion." *Nijhawan v. Holder*, 129 S. Ct. at 2298. Simply put, it refers to the amount of money laundered.[2] *See Chowdhury v. INS*, 249 F.3d 970, 974 (9th Cir. 2001). That determination is properly made pursuant to a "circumstance-specific" approach, and not a "categorical" one. *Nijhawan,* 129 S. Ct. at 2300. Because Varughese admitted to laundering well in excess of $10,000 on multiple occasions during his plea colloquy, the record

---

[2] We are unpersuaded by Varughese's contention that the term "amount of the funds," as it is used in the money laundering statute, refers to the amount of the fine imposed.

7

of conviction sufficiently establishes that the circumstances of his money laundering conviction involved funds in excess of $10,000. *Id*. at 2303 (defendant's stipulation at sentencing constitutes proper basis to assess circumstance-specific fact).

Varughese next urges that, even assuming the "amount of the funds" inquiry is circumstance-specific, the amounts that he admitted laundering during his plea colloquy are not sufficiently "tethered" to his conviction in order to establish his removability. *See id.* (observing that "the loss must be tied to the specific counts covered by the conviction") (internal quotation marks omitted). In substance, Varughese argues that because no amount is cited in the indictment to which he pled guilty, the statements he made during his plea colloquy are not sufficiently related to his conviction to establish that his conviction was an "aggravated felony."

We are unpersuaded. Varughese was charged in a one-count indictment alleging multiple "financial transactions" over the course of several months in 2001 and 2002. A. 155. Varughese confirmed during the sentencing hearing that he was involved in multiple instances of money laundering

8

between "November 2001 and January 2002."  A. 205. Accordingly, his admissions to laundering funds in excess of $10,000 are sufficiently related to the count for which he was convicted.[3]

Finally, we reject Varughese's contention that he is eligible for adjustment of status pursuant to INA § 245. Adjustment of status is a discretionary benefit affordable to an alien who, among other things, is "eligible to receive an immigrant visa and is admissible to the United States for permanent residence."  INA § 245, 8 U.S.C. § 1255(a). Because Varughese's money laundering conviction renders him ineligible for admissibility to the United States, he is similarly ineligible for adjustment of status.  INA § 212(a)(2)(I)(i), 8 U.S.C. § 1182(a)(2)(I)(i) ("Any alien who . . . has engaged, is engaging, or seeks to enter the United States to engage, in an offense described in section 1956 or 1957 of Title 18 (relating to laundering of monetary instruments) is inadmissible" to the United States.).

---

[3] Varughese also contends that the money laundering statute's use of the term "proceeds" must mean "profits," in light of the Supreme Court's decision in *United States v. Santos*, 553 U.S. 507 (2008), and that his conviction is therefore infirm because there can be no true "profits" realized in a sting operation.  Not only is this argument baseless — the specific subsection under which Varughese was convicted expressly contemplates sting operations — but it is also irrelevant.  The soundness of Varughese's underlying conviction is not before us, for "[c]ollateral attacks are not available in a . . . petition challenging the BIA's removal decision."  *Lanferman v. BIA*, 576 F.3d 84, 88 (2d Cir. 2009).

9

Moreover, because Varughese's money laundering conviction constitutes an "aggravated felony," the Attorney General was without discretion to afford him a waiver of inadmissibility.  INA § 212(h), 8 U.S.C. § 1182(h).

### III. Conclusion

For the foregoing reasons, the petition for review is DENIED.  Having completed our review, any stay of removal previously granted in this petition is VACATED, and any pending motion for a stay of removal is DISMISSED as moot.