11-312-ag
Hamilton v. Holder

BIA
Sagerman, IJ
A043 454 958

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4ᵗʰ day of May, two thousand twelve.

PRESENT:
>    PETER W. HALL,
>    GERARD E. LYNCH,
>    DENNY CHIN,
>        *Circuit Judges.*

_____

MICOL JERMAINE HAMILTON,
>    *Petitioner,*

>    v.                                11-312-ag
>                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:        Seidia R. Bernard, Roach Bernard, PLLC, Lynbrook, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Cindy S. Ferrier, Senior Litigation Counsel; Surell Brady, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Micol Jermaine Hamilton, a native and citizen of Guyana, seeks review of a December 29, 2010, decision of the BIA, affirming the August 20, 2010 decision of Immigration Judge ("IJ") Roger F. Sagerman, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Micol Jermaine Hamilton*, No. A043 454 958 (B.I.A. Dec. 29, 2010), *aff'g* No. A043 454 958 (Immig. Ct. Napanoch, N.Y. Aug. 20, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As the government points out, Hamilton may not collaterally attack in these proceedings his 2004 grand larceny and assault convictions on the grounds of an alleged ineffective assistance of counsel. *See Varughese v. Holder*, 629 F.3d 272, 275 n.3 (2d Cir. 2010) ("The soundness of [petitioner's] underlying conviction is not before us, for '[c]ollateral attacks are not available in a . . . petition challenging the BIA's removal decision.'") (quoting *Lanferman v. BIA*, 576 F.3d 84, 88 (2d Cir. 2009)). While Hamilton may be able to challenge his underlying convictions under *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), this Court is not the proper venue for such a challenge. *Lanferman*, 576 F.3d at 84, 88 n.1. Moreover, the fact that Hamilton may have a plausible challenge to his convictions does not affect their finality for immigration purposes. *See Paredes v. Att'y Gen. of the U.S.*, 528 F.3d 196, 198-99 (3d Cir. 2008). Therefore, we decline to consider Hamilton's Sixth Amendment challenge to his underlying convictions in this appeal from a final order of removal.

2

Notwithstanding Hamilton's argument to the contrary, the agency correctly determined that his 2004 conviction for grand larceny in the fourth degree under New York Penal Law ("NYPL") § 155.30(5), for which he received a sentence of one to three years imprisonment, constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(G). Although federal courts are without jurisdiction to review final orders of removal against an alien "who is removable by reason of having committed" an aggravated felony, 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction to review *de novo* questions of law, including whether an underlying conviction constitutes an aggravated felony. *See* 8 U.S.C. § 1252(a)(2)(D); *Vargas-Sarmiento v. U.S. Dep't of Justice*, 448 F.3d 159, 164-65 (2d Cir. 2006) (whether a conviction constitutes an aggravated felony is a question of law that this Court reviews *de novo*).

Section 155.30(5), NYPL, provides that: "[a] person is guilty of grand larceny in the fourth degree when he steals property and when: . . . [t]he property, regardless of its nature and value, is taken from the person of another." Pursuant to 8 U.S.C. § 1101(a)(43)(G), the term "aggravated felony" includes "a theft offense . . . for which the term of imprisonment [is] at least one year." Given the plain language of 8 U.S.C. § 1101(a)(43)(G), Hamilton's attempt to read a minimum monetary value into the statute on the basis of undocumented but purportedly contrary legislative intent must fail. *See Pipefitters Local Union No. 562 v. United States*, 407 U.S. 385, 446 (1972). Because there is no dispute that Hamilton's conviction for grand larceny in the fourth degree constitutes a "a theft offense . . . for which the term of imprisonment [is] at least one year," the agency correctly determined that Hamilton was convicted of an aggravated felony under 8 U.S.C. § 1101(a)(43)(G). Because we lack jurisdiction to review and "order of removal against an alien who is removable by reason of having committed *a criminal offense*" defined as an aggravated felony, 8 U.S.C. § 1252(a)(2)(C)(emphasis added), we need not consider whether petitioner's conviction for assault in the first degree also qualifies as an aggravated felony; his conviction of grand larceny suffices to deprive us of jurisdiction.

Assuming without deciding that we retain jurisdiction over Hamilton's challenge to the agency's denial of deferral of removal under the CAT, Hamilton's attacks on the agency's burden finding are without merit. Notwithstanding Hamilton's argument to the contrary, the agency did not ignore any evidence. The agency is presumed to have "taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006), and the agency is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (quotation omitted). In an attempt to support his claim, Hamilton asserts that "[t]he sole reason cited for denying [his] applications before the Immigration Court by the IJ was that 'there was no evidence in the record suggesting that torture is commonly carried out against member [sic] of the Afro-Guyanese community by the Indo-Guyanese.'" However, the IJ's decision actually states that "*there is almost no evidence* in the record suggesting that torture is commonly carried out against members of the Afro-Guyanese community by the Indo-Guyanese" (emphasis added). The record, therefore, does not compellingly suggest that the agency ignored any evidence. *Xiao Ji Chen*, 471 F.3d at 337 n.17.

Hamilton's contention that the IJ "erroneously and disingenuously" mischaracterized his evidence is also without merit. Although some evidence, labeled by the IJ as contradictory, does contain limited statements of support for Hamilton's claims, the task of resolving conflicts in the record evidence lies largely within the discretion of the agency. *Jian Hui Shao*, 546 F.3d at 171. Moreover, we have held that "support for a contrary inference – even one more plausible or more natural – does not suggest error." *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007). As a result, Hamilton has failed to show that the agency "mischaracterized" any evidence.

Lastly, the agency did not err in finding that Hamilton failed to show his entitlement to deferral of removal under the CAT. *See Matter of M-B-A-*, 23 I. & N. Dec. 474, 479-80 (B.I.A. 2002) (noting that a claim "based on a chain of assumptions and a fear of what might happen" is insufficient to demonstrate eligibility for relief under the CAT). Hamilton argues that the credible testimony presented at his merits hearing, alone, established his entitlement to relief. However, as the IJ noted, Hamilton testified that

4

two friends, who were criminal deportees, disappeared and were tortured upon their return to Guyana, but he failed to provide sufficient detail to establish "why those friends had been subject to torture or disappearance"; Hamilton's mother testified that his deportation would be a "death sentence," but her testimony merely described "difficulties for criminal deportees in obtaining employment and common criminal strife in Guyana"; and Hamilton's uncle testified that Hamilton would be a target for forced recruitment by criminal gangs, but his testimony merely recounted "second-hand rumors of 'murder for hire groups.'" *See Xiao Ji Chen*, 471 F.3d at 342 (noting that the weight afforded to an applicant's evidence lies largely within the discretion of the agency). Notwithstanding Hamilton's suggestions to the contrary, there is absolutely no support for his contention that credible testimony, regardless of its level of detail, is sufficient as a matter of law to establish his entitlement to CAT relief. *See Matter of M-B-A-*, 23 I. & N. Dec. at 479-80; *see also* 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."); *Jian Hui Shao*, 546 F.3d at 162 (while "credible testimony was sufficient to demonstrate a genuine subjective fear of future persecution, more was needed to demonstrate the objective reasonableness of that fear"). Accordingly, Hamilton's challenge to the agency's burden finding is without merit.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk