11-4913-ag
*Guevara v. Holder*
BIA
Page, IJ
A094 389 074

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of August, two thousand thirteen.

PRESENT:
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> > *Circuit Judges.*

---

FRANCISCO A. GUEVARA, AKA FRANCISCO ALEXANDER GUEVARA GARCIA,

> *Petitioner*,

> v.                                                       No. 11-4913-ag

ERIC H. HOLDER, JR., United States Attorney General,

> *Respondent*.

---

**FOR PETITIONER:**               JUDY RESNICK, Law Office of Judy Resnick, Far Rockaway, NY.

**FOR RESPONDENT:**               ARTHUR L. RABIN (Stuart F. Delery, Shelley R. Goad, Elizabeth R. Chapman, *on the brief*), Office of Immigration Litigation, Civil

Division, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of an October 25, 2011 decision of the Board of Immigration Appeals ("BIA"), **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Francisco A. Guevara, a native and citizen of El Salvador, seeks review of an October 25, 2011 decision of the BIA, which denied his request for a continuance and cancellation of removal and affirmed a July 8, 2011 decision of an Immigration Judge ("IJ"). *In re Francisco A. Guevara*, No. A094 389 074 (B.I.A. Oct. 25, 2011), *aff'g* No. A094 389 074 (Immig. Ct. N.Y. City, July 8, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

## DISCUSSION

In the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

## A.

Guevara first argues that the IJ erred by denying his request for a continuance to secure counsel and to pursue a collateral attack on his assault conviction based on his criminal attorney's failure to inform him of the criminal consequences of his plea. Guevara's arguments are unavailing.

IJs have the authority to grant continuances "for good cause shown," 8 C.F.R. § 1003.29, and "are accorded wide latitude in calendar management," *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). Accordingly, we review the BIA's affirmance of the IJ's decision to deny the continuance for "abuse of discretion." *Singh v. U.S. Dep't of Homeland Sec.*, 526 F.3d 72, 80-81 (2d Cir. 2008); *see also In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (noting that a court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." (internal citations and quotation marks omitted)).

Here, the IJ previously had granted Guevara seven continuances, the sum of which extended his proceedings for more than three years. Two of those continuances were granted so that Guevara could secure counsel, and the others were granted to provide him with time to prepare any applications for relief from removal. Moreover, and contrary to Guevara's assertions, he was not abruptly left without counsel (he stated during proceedings that he dismissed his prior counsel and then he waived his right to counsel), and he did not specifically request an eighth continuance to

2

seek counsel. In fact, the ground upon which Guevara sought his eighth continuance was to pursue a motion to vacate his criminal conviction. Nothing in the record before us indicates that Guevara actually ever filed such a motion to vacate his criminal conviction in state court, however.

We have stated that "the fact that [a party] may have a plausible challenge to his conviction[ ] does not affect [its] finality for immigration purposes." *Hamilton v. Holder*, 480 F. App'x 35, 37 (2d Cir. 2012) (non-precedential summary order). Here, where Guevara has provided no indication that he ever so much as filed a motion challenging his criminal conviction in state court, in spite of having received multiple continuances from the IJ during which he could have done so, the decision to deny him an eighth continuance during which he might (or might not) finally do so was not in error. *See* 8 U.S.C. § 1101(a)(48)(A); *see also Jimenez-Guzman v. Holder*, 642 F.3d 1294, 1297 (10th Cir. 2011); *Paredes v. Att'y Gen. of the U.S.*, 528 F.3d 196, 198-99 (3d Cir. 2008).

In light of the seven continuances already granted, Guevara's affirmed intent to proceed *pro se*, and the lack of certainty as to when Guevara's motion to vacate, if filed, would be adjudicated, the IJ did not err, much less abuse his discretion, in denying an eighth continuance. *See Sanusi v. Gonzales*, 445 F.3d 193, 200 (2d Cir. 2006) ("The IJ granted two continuances, and nothing in the record suggests that his decision to deny a third request after months of delay was an abuse of discretion, notwithstanding Sanusi's contention that further evidence would be forthcoming.").[1]

**B.**

Guevara also argues that he is eligible for cancellation of removal because his conviction for assault in the third degree, pursuant to New York Penal Law ("NYPL") § 120.00, does not constitute a crime involving moral turpitude ("CIMT").[2]

To the extent Guevara challenges the validity of his conviction, we lack jurisdiction to consider that argument because it is a collateral attack on his conviction. *See Lanferman v. BIA*, 576 F.3d 84, 88 (2d Cir. 2009). We may review, however, the BIA's determination that Guevara's conviction constitutes a CIMT. The BIA's interpretation of the term "moral turpitude" is entitled to deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), but

---

[1] Guevara's argument that the IJ's denial violated his due process rights to counsel and a full and fair hearing also lacks merit because Guevara specifically waived his right to counsel, the IJ gave him ample time to prepare his case, and nothing supports Guevara's contention that a continuance must be granted to await adjudication of a pending motion to vacate. *See Hidalgo-Disla v. INS*, 52 F.3d 444, 447 (2d Cir. 1995) (finding no due process violation when the IJ denied a third adjournment for the alien to seek counsel when the IJ twice advised him of his right to counsel).

[2] Contrary to the government's assertion, Guevara's cancellation of removal argument was sufficiently exhausted before the agency because he challenged the cancellation of removal denial generally before the BIA, which affirmed the IJ's finding that he was ineligible for such relief due to his conviction. *See Gill v. INS*, 420 F.3d 82, 85-86 (2d Cir. 2005).

"we review *de novo* the BIA's finding that a petitioner's crime of conviction *contains* those elements which have been properly found to constitute a CIMT." *Gill v. INS*, 420 F.3d 82, 89 (2d Cir. 2005).

Whether an assault constitutes a CIMT requires "an assessment of both the state of mind and the level of harm required to complete the offense." *In re Solon*, 24 I. & N. Dec. 239, 242 (BIA 2007). When the statute at issue contains a specific-intent element, the BIA has required that the resulting injury constitute material harm in order for the conviction to constitute a CIMT. *See id.*; *Matter of Sanudo*, 23 I. & N. Dec. 968, 972-73 (BIA 2006). When the statute at issue requires only general intent or recklessness (such as simple assault statutes), however, the BIA has required an aggravating element to evidence the inherent vileness of the prohibited conduct. *See Matter of Ahortalejo-Guzman*, 25 I. & N. Dec. 465 (BIA 2011) (explaining that simple assault does not constitute a CIMT unless it "necessarily involves some aggravating factor that indicates the perpetrator's moral depravity, such as the use of a deadly weapon"); *In re Fualaau*, 21 I. & N. Dec. 475, 477-78 (BIA 1996).

Guevara asserts that NYPL § 120.00 punishes injury caused both intentionally and unintentionally, and that, as a result, the agency should have reviewed the factual circumstances of his conviction to determine whether specific intent existed.

In determining whether a crime constitutes a CIMT, "we apply either a 'categorical' or a 'modified categorical' approach." *Mendez v. Mukasey*, 547 F.3d 345, 348 (2d Cir. 2008). "Under the categorical approach, we look only to the minimum criminal conduct necessary to satisfy the essential elements of the crime, not the particular circumstances of the defendant's conduct." *Id.* But when the relevant criminal statute punishes "diverse classes of criminal acts, some of which would categorically [constitute a CIMT,] and others of which would not," we apply a "modified categorical approach," which permits a limited review of the "record of conviction for the . . . purpose of determining whether the alien's conviction was under the branch of the statute that" constitutes a CIMT. *Hoodho v. Holder*, 558 F.3d 184, 189 (2d Cir. 2009) (internal quotation marks and brackets omitted).

In this case, NYPL § 120.00 provides,

> A person is guilty of assault in the third degree when: (1) [w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person; or (2) [h]e recklessly causes physical injury to another person; or (3) [w]ith criminal negligence, he causes physical injury to another person by means of a deadly weapon or a dangerous instrument.

NYPL § 120.00. "Physical injury" is defined as the "impairment of physical condition or substantial pain," *id.* § 10.00(9), and has been construed not to include "petty slaps, shoves, kicks and the like

4

delivered out of hostility, meanness and similar motives[ ]," *People v. Henderson*, 92 N.Y.2d 677, 680 (1999) (internal quotation marks omitted). New York courts have also required proof of actual physical impairment or substantial pain to support a finding of "physical injury." *See People v. Estes*, 517 N.Y.S.2d 230, 231 (N.Y. App. Div. 1987); *People v. Strong*, 689 N.Y.S.2d 341, 343 (N.Y. App. Term 1999).

Although NYPL § 120.00 is likely a divisible statute, inasmuch as subsections (2) and (3) do not require a specific intent, we need not reach that question because Guevara was convicted under subsection (1). *See Moncrieffe v. Holder*, 133 S. Ct. 1678, 1686-87 (2013). Subsection (1) involves an intent to injure, and an action that causes physical impairment or substantial pain and goes beyond "petty slaps, shoves, [and] kicks." *Henderson*, 92 N.Y.2d at 680; *see also* NYPL § 10.00(9). In light of these two elements, the BIA has determined that "a conviction under section 120.00(1) of the New York Penal Law is a conviction for a crime involving moral turpitude." *Solon*, 24 I. & N. Dec. at 245.

While it can be difficult to define the boundaries of the amorphous concepts of "moral turpitude," and to answer whether the intent of the perpetrator was "evil," we agree with the BIA's conclusion that a conviction under NYPL § 120.00(1) is a CIMT. Accordingly, the agency did not err in finding that Guevara is statutorily ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C); *Solon*, 24 I. & N. Dec. at 245-46.

## CONCLUSION

We have considered all of Guevara's arguments on appeal and find them to be without merit. For the reasons stated, Guevara's petition for review is **DENIED**. As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DISMISSED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5