14-2657-ag
Singh v. Lynch

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand fifteen.

PRESENT:   ROBERT D. SACK,
           DENNY CHIN,
           CHRISTOPHER F. DRONEY,
                    *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ANUP SINGH,
                              *Petitioner*,

                  v.                                    14-2657-ag

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
                              *Respondent*.[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER:                    H. Raymond Fasano, Youman, Madeo &
                                   Fasano, LLP, New York, New York.

_____

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

FOR RESPONDENT:     Benjamin C. Mizer, Acting Assistant Attorney General, Civil Division, Terri J. Scadron, Assistant Director, Wendy Benner-León, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals (the "BIA"), **IT IS ORDERED, ADJUDGED, AND DECREED** that the petition for review is hereby **DENIED** in part and **DISMISSED** in part.

Anup Singh, a native and citizen of India, seeks review of a June 26, 2014 decision of the BIA, dismissing the appeal from the May 9, 2003 and October 4, 2011 decisions of an Immigration Judge ("IJ") ordering his removal. *In re Anup Singh*, No. A040 054 658 (B.I.A. Jun. 26, 2014), dismissing the appeal from No. A040 054 658 (Immig. Ct. New York City, May 9, 2003, Oct. 4, 2011). Singh, a lawful permanent resident, was convicted of first-degree attempted sexual abuse. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review the IJ's decision, as modified by the BIA's decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We uphold the IJ's or BIA's factual findings if they are supported by substantial evidence in the record. *Id*.

We review questions of law *de novo*. *See Richmond v. Holder*, 714 F.3d 725, 728 (2d Cir. 2013).

Singh challenges: (1) the BIA's reliance on the IJ's summary of an inaudible portion of a tape of a merits hearing held in 2000, rather than a transcript; and (2) the BIA's affirmance of the IJ's discretionary denial of a waiver under former § 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (1992).

A.    The Tape Recording

Singh makes two due process claims based on the IJ's handling of the tape recording. To prevail on a due process claim, Singh must show (1) that he "was denied a full and fair opportunity to present [his] claims or that the IJ or BIA otherwise deprived [him] of fundamental fairness," *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (citation omitted), and (2) "cognizable prejudice," *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (citation omitted).

First, Singh argues that he was denied due process because the BIA relied on the IJ's summary of testimony, which in turn relied on a remastered compact disc that the BIA had previously determined to be defective. However, Singh has not identified any cognizable prejudice flowing from the agency's reliance on the IJ's summary. *See Garcia-Villeda*, 531 F.3d at 149 ("Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." (citation omitted)). He does not argue that the

IJ's summary was in any way incorrect or deficient, nor does he explain how any of the information missing from the transcript was relevant to the agency's discretionary denial of section 212(c) relief. Thus, his first due process claim fails.

Second, Singh argues that his due process rights were violated because the BIA failed to address the IJ's purported misrepresentation that he had consented to the use of a summary of the proceedings. Although the record does not make clear whether a hearing was held regarding the IJ's decision to summarize the inaudible testimony -- and whether the parties in fact consented to this summary -- Singh claims that he lodged an objection to the use of the IJ's summary. Even if an objection were lodged, as discussed above, Singh fails to show prejudice from the agency's use of the IJ's summary. *Id.* Therefore, Singh's second due process claim fails as well.

B.      Section 212(c)

The BIA specifically rejected the IJ's determination that Singh was ineligible for section 212(c) relief, but affirmed on the IJ's alternative ground, declining to grant a waiver as a matter of discretion. CAR at 5. Accordingly, this Court assumes Singh is eligible for the waiver, and the only issue left for consideration is the agency's discretionary denial of relief.

We lack jurisdiction to review a denial of discretionary relief, such as a section 212(c) waiver, unless a petitioner raises a constitutional claim or question of law. *See* 8 U.S.C. § 1252(a)(2)(B)(ii), (D); *Avendano-Espejo v. Dep't of Homeland Sec.*, 448 F.3d

503, 505 (2d Cir. 2006) ("[w]e hold that an IJ's decision to grant or deny a section 212(c) waiver of removal constitutes a discretionary decision that we lack jurisdiction to review under 8 U.S.C. § 1252(c)(2)(B)(ii) . . . .").

Singh argues that the IJ's determination that the negative equities outweighed the favorable one was based on a contradiction, namely, that the IJ discredited affidavits because the affiants lacked knowledge of Singh's attempted sexual abuse conviction, while elsewhere noting the same affiants testified about their limited knowledge of Singh's conviction. Singh is merely quarreling with the weight the IJ gave to the affidavits and witnesses' testimony does not raise a constitutional issue or question of law. *See Avendano-Espejo*, 448 F.3d at 505-06; *see also Blake v. Carbone*, 489 F.3d 88, 98 n.7 (2d Cir. 2007) ("Petitioners' eligibility for a § 212(c) waiver is a question of law, unlike the discretionary and unreviewable decision of whether such a waiver ultimately should be granted.").

For the foregoing reasons, the petition for review is **DENIED** in part and **DISMISSED** in part.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk