17-3421-ag
*Flores v. Barr*

BIA
Buchanan, IJ
A095 051 190

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand nineteen.

PRESENT:   JON O. NEWMAN,
              DENNY CHIN,
              JOSEPH F. BIANCO,
                   *Circuit Judges*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

EDSON FLORES,
                   *Petitioner*,

              -v-                                             17-3421-ag

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
                   *Respondent*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER: EDMUND HIRSCHFELD (Daniel A. Rubens, Andrew D. Silverman, *on the brief*), Orrick, Herrington & Sutcliffe LLP, New York, NY.

FOR RESPONDENT: REBEKAH NAHAS, Trial Attorney (Derek C. Julius, Assistant Director; Margaret Kuehne Taylor, Senior Litigation Counsel, *on the brief*), *for* Joseph H. Hunt, Assistant Attorney General, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED**, the BIA's decision is **VACATED**, and the case is **REMANDED**.

Petitioner Edson Flores, a native and citizen of Honduras, seeks review of an October 17, 2017, decision of the BIA affirming a March 22, 2017 decision of an Immigration Judge ("IJ") denying his application for cancellation of removal. *In re Edson Flores*, No. A095 051 190 (B.I.A. Oct. 17, 2017), *aff'g* No. A095 051 190 (Immig. Ct. N.Y. City Mar. 22, 2017).

We review the IJ's decision as modified and supplemented by the BIA. *Gertsenshteyn v. U.S. Dep't of Justice*, 544 F.3d 137, 142 (2d Cir. 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case, which we reference only as necessary to explain our decision to grant the petition and remand for the BIA to have the opportunity to address in a precedential decision whether a

2

conviction for first-degree sexual abuse under New York Penal Law ("NYPL")

§ 130.65(3) is a crime involving moral turpitude ("CIMT") under the Immigration and

Nationality Act ("INA").

## I.  *Pereira* **Claim**

As an initial matter, Flores argues that, under the Supreme Court's

decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the agency lacked jurisdiction over

his removal proceedings because his Notice to Appear ("NTA") did not provide a

hearing date or location.   This argument is foreclosed by our decision in *Gomez v. Barr*,

922 F.3d 101, 112 (2d Cir. 2019) ("We conclude that an NTA that omits information

regarding the time and date of the initial removal hearing is nevertheless adequate to

vest jurisdiction in the Immigration Court, at least so long as a notice of hearing

specifying this information is later sent to the alien."); *see also Matter of Bermudez-Cota*, 27

I. & N. Dec. 441, 447 (B.I.A. 2018) (holding that an initial, defective notice that does not

indicate the date and time of a hearing can be cured if a subsequent notice of hearing

containing that information is provided).   Although Flores's initial 2009 NTA did not

specify the date and time of his hearing in immigration court, he does not dispute that

he later received notice of his hearings at which he appeared.

## II. Crime Involving Moral Turpitude

Flores challenges the agency's determination that a conviction for first-degree sexual abuse under NYPL § 130.65(3) is a CIMT under 8 U.S.C. § 1227(a)(2)(A)(i)(I).

Although Flores is removable for his unlawful entry, the CIMT ruling affects his ability to adjust his status. To adjust to lawful permanent resident status, one must have been inspected and admitted or paroled into the United States and must also meet the following three requirements: "(1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255(a). An alien who has committed a CIMT generally cannot receive a visa or be admitted to the United States. 8 U.S.C. §§ 1182(a)(2)(A)(i)(I). Such an alien, however, may be eligible for a hardship-based waiver of inadmissibility. 8 U.S.C. § 1182(h). Thus, if Flores's conviction is not a CIMT, he can adjust his status without a waiver. Although the IJ held that Flores did not warrant relief as a matter of discretion in light of his criminal history, the BIA expressly declined to reach that issue. Accordingly, the determination of whether Flores has committed a CIMT is material to the BIA's determination of his eligibility for relief from removal. Because the BIA did not rely on the IJ's alternative discretionary denial, that finding is not before us.

4

The agency has adopted a categorical approach under which it looks to the elements of the statute of conviction to determine whether a given crime is a CIMT. *Gill v. I.N.S.*, 420 F.3d 82, 89 (2d Cir. 2005); *Matter of Silva-Trevino*, 26 I. & N. Dec. 826, 831 (B.I.A. 2016) (providing that the agency "will examine the State or Federal statute defining the crime of conviction to see if it fits within the generic definition of a crime involving moral turpitude").

We generally defer to the BIA's definition of a CIMT, but we review the BIA's interpretation of state law *de novo*. *Gill*, 420 F.3d at 89.[1] We have given *Chevron* deference to the BIA's general definition of a CIMT as an offense involving "conduct that shocks the public conscience as being inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general." *Rodriguez v. Gonzales*, 451 F.3d 60, 63 (2d Cir. 2006) (quotation marks and citations omitted). We have not yet, however, reviewed the BIA's application of its CIMT definition to crimes involving sexual offenses against minors.[2]

"To involve moral turpitude, a crime requires two essential elements: reprehensible conduct and a culpable mental state." *Matter of Silva-Trevino*, 26 I. & N.

---

[1] We give deference to the BIA's interpretation of ambiguous terms in the immigration statute, so long as that interpretation is a permissible construction of the statute. *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984).

[2] In other cases involving New York sexual abuse convictions, the petitioners did not challenge the CIMT determination. *See, e.g., Singh v. Lynch*, 630 F. App'x 8 (2d Cir. 2015) (summary order). Moreover, non-precedential, unpublished BIA decisions like the one here are not entitled to *Chevron* deference. *See, e.g., Varughese v. Holder*, 629 F.3d 272, 274 (2d Cir. 2010) (per curiam).

Dec. at 834. *Silva-Trevino* held that a Texas statute criminalizing sexual contact with a minor under age 17 was *not* categorically a CIMT because the statute held the defendant strictly liable by not requiring a culpable mental state (*e.g.*, negligence, recklessness, or knowledge) regarding the victim's age. *Id.* at 833-36. In other words, a reasonable mistake as to the victim's age and legal ability to consent was no defense to the Texas crime. *Id*.

In 2017, the BIA held that a Maryland statute criminalizing sexual conduct with minors under age 14 *was* categorically a CIMT, despite the fact that there was strict liability with regard to the victim's age. *Matter of Jimenez-Cedillo*, 27 I. & N. Dec. 1, 5 (B.I.A. 2017). The BIA distinguished the Maryland statute from the Texas statute in *Silva-Trevino*, reasoning that:

> [W]here a statute criminalizing sexual conduct with a minor necessarily involves either a particularly young victim or a significant age difference between the perpetrator and a victim under 16 years of age, the culpable mental state element for a crime involving moral turpitude is implicitly satisfied by the commission of the proscribed act.

*Id.* The Fourth Circuit vacated and remanded this decision, however, finding it inconsistent with *Silva-Trevino* and requesting further reasoning to support the BIA's change in its approach to sexual offense statutes that do not allow for mistake-of-age defenses. *Jimenez-Cedillo v. Sessions*, 885 F.3d 292, 300 (4th Cir. 2018) ("If it is the Board's judgment that there should be a change in the *Silva-Trevino* rule on mental culpability as

6

to a victim's age, then it should provide the requisite 'good reasons for [any] new policy' it adopts in this case." (quoting *Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117, 2126 (2016))).

Flores was convicted under NYPL § 130.65(3), which provides that a person is guilty of sexual abuse in the first degree when he "subjects another person to sexual contact . . . when the other person is less than 11 years old." New York defines "sexual contact" as "any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire." NYPL § 130.65(3). Like the Texas and Maryland crimes discussed above, NYPL § 130.65(3) is a strict liability offense with respect to the victim's age. *See* NYPL § 15.20(3) (providing that a mistake as to the victim's age is not a defense unless the statute expressly states that it is); *People v. Prise*, 515 N.Y.S.2d 387, 391 (Sup. Ct. Kings Cty. 1987), *aff'd*, 543 N.Y.S.2d 117 (2d Dep't 1989).

Here, the BIA reasoned that this offense required a culpable mental state because the defendant must act for the purpose of sexual gratification. But the Texas statute at issue in *Silva-Trevino* also required acting for the purpose of sexual gratification, and the BIA held that that statute was not a CIMT because there was no culpable mental state regarding the victim's age. 26 I. & N. Dec. at 835. Instead of discussing whether NYPL § 130.65(3) requires a culpable mental state regarding the victim's age, the BIA cited its holding in *Jimenez-Cedillo* that a conviction is a CIMT even absent knowledge of age when the victim is under 14. However, the Fourth Circuit's

7

2018 remand calls *Jimenez-Cedillo* into question.   We agree that the BIA's failure to acknowledge or explain its departure from *Silva-Trevino* requires a remand here as well. *See Mei Fun Wong v. Holder*, 633 F.3d 64, 78 (2d Cir. 2011); *see also Encino*, 136 S. Ct. at 2126-27.

The Government argues that NYPL § 130.65(3) implicitly contains the requisite mental culpability because of how young victims must be under the statute. The Government contends that, under a categorical approach, a defendant like Flores "should have known" that the victim, who had to be under the age of 11 for there to be a violation of NYPL § 130.65(3), was at least under the age of legal consent, which in New York is 17.   Respondent's Br. 37.   While the argument is compelling, the agency did not rely on this reasoning in its decision.   As Flores argues, "we may not supply a reasoned basis for the agency's decision that the agency itself has not given."   *Pub. Citizen, Inc. v. Mineta*, 340 F.3d 39, 53 (2d Cir. 2003) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

Accordingly, we grant the petition and remand with instructions for the BIA to further explain its CIMT determination.   Although the BIA lacks authority to rule on the constitutionality of the statutes it administers, *see United States v. Gonzalez-Roque*, 301 F.3d 39, 47-48 (2d Cir. 2002), it may take Flores's constitutional vagueness argument into account when determining the mental state required for a CIMT and applying that mental culpability requirement to the New York statute.   If the BIA

8

concludes on remand that NYPL § 130.65(3) is a CIMT, it shall also address whether this determination may be applied retroactively to Flores or others.   *See, e.g., Obeya v. Sessions*, 884 F.3d 442, 448 (2d Cir. 2018); *Lugo v. Holder*, 783 F.3d 119, 121 (2d Cir. 2015).

We have considered Flores's remaining arguments and conclude they are without merit.   Accordingly, for the foregoing reasons, the petition for review is **GRANTED**, the BIA's decision is **VACATED**, and the case is **REMANDED** to the BIA for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

9