People v Drach (2022 NY Slip Op 06260)

People v Drach

2022 NY Slip Op 06260

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
LILLIAN WAN, JJ.

2017-02549
 (Ind. No. 4645/15)

[*1]The People of the State of New York, respondent,
v
Robert Drach, appellant.

Patricia Pazner, New York, NY (Anders Nelson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Gamaliel Marrero of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), rendered January 20, 2017, convicting him of attempted kidnaping in the second degree, endangering the welfare of a child, public lewdness, and criminal trespass in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant allegedly approached the nine-year-old complainant as she was playing alone inside the gated front yard of her home and proceeded to grab her, show her his penis, and push and pull her toward the front gate and out onto the sidewalk. The complainant's father, hearing the complainant's screams, came out of the house and restrained the defendant until the police arrived. At trial, the People elicited testimony from the complainant and her father and introduced a surveillance video, as well as statements made by the defendant to the police wherein he, among other things, admitted that his penis was out of his pants, that he grabbed the complainant, and that he wanted to have sex with her.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of the crime of attempted kidnaping in the second degree beyond a reasonable doubt (see Penal Law §§ 110.00, 135.20; § 135.00 [2][a]; People v Mutterperl, 97 AD3d 699, 699; People v Antonio, 58 AD3d 515; People v Cruz, 296 AD2d 22; People v Cassano, 254 AD2d 92). Moreover, in fulfilling
our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's postverdict motion pursuant to CPL 330.30 was insufficient to preserve for appellate review his claim that the merger doctrine required vacatur of his conviction of attempted kidnaping in the second degree (see CPL 470.05[2]; People v Hanley, 20 NY3d 601; People v Padro, 75 NY2d 820; People v Mejia, 169 AD3d 715; People v Richard, 30 AD3d 750), and we decline to exercise our interest of justice jurisdiction to reach the issue (see People v Cardona, 202 AD2d 602, 603).
The Supreme Court properly declined to give an intoxication charge to the jury (see Penal Law § 15.25). Viewing the evidence in the light most favorable to the defendant (see People v Gaines, 83 NY2d 925, 926-927; People v Farnsworth, 65 NY2d 734, 735), there was insufficient evidence to support an inference that the defendant was so intoxicated as to have been unable to form the requisite criminal intent (see People v Sirico, 17 NY3d 744, 746; People v Rodriguez, 76 NY2d 918, 921; People v Arcila, 177 AD3d 585, 586). The defendant's contention that the court applied an incorrect legal standard to determine whether an intoxication charge was warranted is without merit (see People v Rodriguez, 76 NY2d at 920; People v Perry, 61 NY2d 849, 850-851).
Furthermore, the defendant was not deprived of his right to present a defense (see People v Young, 295 AD2d 631, 632). The Supreme Court providently exercised its discretion in precluding the admission of the defendant's medical records made 31 hours after his arrest on the ground that they were not relevant to the issue of whether the defendant was intoxicated at the time of the charged crimes and would have invited the jury to engage in speculation (see People v Scarola, 71 NY2d 769, 777; People v Westergard, 113 AD2d 640). Additionally, the court providently exercised its discretion in limiting re-cross-examination of a police witness (see People v Maddery, 282 AD2d 761, 761; People v Gonzalez, 131 AD2d 873, 874).
Contrary to the defendant's contention, the Supreme Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) was a provident exercise of discretion, as it constituted an appropriate compromise which properly balanced the probative value of the proffered evidence against any potential prejudice to the defendant (see People v Smith, 18 NY3d 588, 593-594; People v Hayes, 97 NY2d 203, 207-208; People v Prise, 151 AD2d 787, 788).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
BARROS, J.P., BRATHWAITE NELSON, CHAMBERS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court