OPINION OF THE COURT
 

 Ciparick, J.
 

 In this prosecution for assault in the third degree, we are
 
 *679
 
 called upon to assess the facial sufficiency of an accusatory instrument, here an information — a misdemeanor complaint supplemented by a supporting deposition — filed in a local criminal court.
 

 Defendant was arrested and charged with assault in the third degree, attempted petit larceny, resisting arrest and harassment. The accusatory instrument recited, in pertinent part, that defendant
 

 “acting together and in concert with an unapprehended individual, did intentionally injur[e] the informant, and did attempt to steal property from the informant, in that the defendant and the other individual did grab the informant’s motor scooter, and did attempt to pull said scooter from the informant and the
 
 defendant and the other individual did then kick the informant about the legs, causing the informant to suffer contusions and swelling about the legs, as well as causing the informant to suffer substantial pain,
 
 alarm and annoyance.” (Emphasis added.)
 

 Defendant thereafter appeared in New York City Criminal Court and pleaded guilty to the charge of assault in the third degree, admitting that he, acting in concert with another, had caused the victim to suffer physical injury by pulling him from his motor scooter and kicking him about the legs. Appellate Term reversed the judgment of conviction, on the law, and dismissed the underlying information, finding itself “constrained to hold that the factual allegations of the accusatory instrument were insufficient with regard to defendant’s causing of a 'physical injury.’ ” A Judge of this Court granted the People leave to appeal, and we now reverse and reinstate the judgment of conviction.
 

 CPL 100.40 (1) provides that an information is facially sufficient when it (1) adheres to the form and content requirements detailed in CPL 100.15, (2) contains factual allegations which provide reasonable cause to believe that the defendant committed the offense charged, and (3) contains nonhearsay allegations which, if true, establish every element of the offense charged and the defendant’s commission thereof
 
 (see,
 
 CPL 100.40 [1] [a]-[c]).
 

 As relevant here, a person is guilty of the misdemeanor of assault in the third degree when “[w]ith intent to cause physi
 
 *680
 
 cal injury to another person, he [or she] causes such injury to such person or to a third person” (Penal Law § 120.00 [1]). “Physical injury,” in turn, is defined in the Penal Law as “impairment of physical condition or substantial pain” (Penal Law § 10.00 [9]). Thus, under the prima facie case requirement set forth in CPL 100.40 (1) (c), the information must set forth sufficient factual allegations to warrant the conclusion that the victim suffered an “impairment of physical condition
 
 or
 
 substantial pain” (emphasis added), and otherwise is fatally defective (see,
 
 People v Alejandro,
 
 70 NY2d 133, 136). Here, the information alleges that the victim suffered “substantial pain.”
 

 In defining “physical injury” as consisting of “substantial pain,” the Legislature intended to set a threshold of something more than a mere technical battery (see,
 
 People v Rojas,
 
 61 NY2d 726, 727). Thus, the Temporary Commission on Revision of the Penal Law and Criminal Code in drafting the statute noted that “ ‘petty slaps, shoves, kicks and the like delivered out of hostility, meanness and similar motives’, are not within the definition” of the statute
 
 (Matter of Philip A.,
 
 49 NY2d 198, 200, quoting Temporary Commission on Revision of the Penal Law and Criminal Code, Proposed Penal Law, at 330).
 

 With the above standards in mind, we are satisfied that the factual allegations contained in the instant information suffice to establish a prima facie case of assault in the third degree, and in particular satisfy the “physical injury” element of that offense. The information recites that defendant, together with another and in an attempt to steal the victim’s property, attempted to pull the victim from his motor scooter and kicked him in the legs, causing him to suffer contusions and swelling. Accepting these allegations as true, a jury could certainly infer that the victim felt substantial pain
 
 (see, People v Rojas, supra,
 
 61 NY2d, at 727). It is significant as well that these kicks were not the “petty slaps [or] shoves * * * delivered out of * * * meanness” eschewed by the Legislature in its intended definition of “physical injury,” but rather were the spearhead of a concerted physical attack aimed at forcefully taking the victim’s property.
 

 Finally, it must be emphasized that the prima facie case requirement is not the same as the burden of proof beyond a reasonable doubt required at trial
 
 (see, People v Gordon,
 
 88 NY2d 92;
 
 People v Swamp,
 
 84 NY2d 725). In the normal course of events, the deposition supporting a misdemeanor complaint will be secured within hours or days after the events complained of, thus satisfying the requirements for a valid infor
 
 *681
 
 mation
 
 (see,
 
 CPL 100.10 [1]; 170.65 [1]). A victim would not necessarily know with any certainty, shortly after an attack, what its lasting effects will be. Under these circumstances, allegations of substantial pain, swelling and contusions, following kicks, must be deemed sufficient to constitute “physical injury” to support a facially valid local criminal court information. We hold, therefore that the factual allegations contained in the accusatory instrument are sufficient to make out a prima facie case of assault in the third degree, and support the judgment of conviction based upon defendant’s guilty plea.
 

 Accordingly, the order of the Appellate Term should be reversed, and the judgment of Criminal Court reinstated.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Wesley and Rosenblatt concur; Judge Levine taking no part.
 

 Order reversed, etc.