OPINION OF THE COURT
John M. Leventhal, J.
The defendant, Rafael Lugo, moves to dismiss the indicted *812 charge of assault in the first degree (Penal Law § 120.10 [2]) pursuant to CPL 210.20 (1) (b). The defendant contends that the People failed to present a prima facie case before the Grand Jury in that the evidence was legally insufficient to show that the defendant “[w]ith intent to disfigure another person seriously and permanently, or to destroy, amputate or disable permanently a member or organ of [the victim’s] body, he cause [d] such injury to such person or to a third person”. In opposition to the motion, the People maintain that they met this burden. The court in deciding this motion has considered the defendant’s motion to dismiss filed with the court on May 14, 1999, the People’s papers in opposition filed on June 15, 1999, and defendant’s reply dated June 28, 1999.
BACKGROUND
Complainant testified to the following before the Grand Jury: On December 28, 1998 at approximately 12:00 a.m., defendant and his girlfriend, the complaining witness, arrived at his apartment at 171 22nd Street in Kings County. Upon entering the bedroom of the apartment, defendant demanded that she pull her pants down in order to verify that she in fact went to her mother’s house. Presumably, defendant suspected his girlfriend of being with another man, and intended to smell her crotch to verify his theory. The complainant refused defendant’s demands, and as a result, received a severe beating for the next two hours. The defendant grabbed his girlfriend by the throat and threw her on the bed. While trying to get the victim’s pants off during the entire period, defendant repeatedly punched her about the face, jaw and head with a closed fist. At one point, defendant stuck his hand down her pants and pulled out her pubic hairs to smell them. Complainant asked defendant several times if she could leave the apartment, to which defendant stated, “the only way you’re leaving [the apartment] is in a body bag.” Subsequently, defendant threw complainant against a wall mirror, which caused her to suffer major headaches. Defendant then left the apartment to make a phone call, and complainant fled to her mother’s apartment only one block away. After her mother called “911,” complainant was rushed to Lutheran Hospital by paramedics and received pain medication, counseling, and had X-rays and a CAT scan performed. Complainant’s face and head were swollen, she suffered severe pain, and she couldn’t sleep and eat because of the attack. In addition, complainant stated that she *813 would likely need to consult a plastic surgeon as a result of her injuries. On December 30, 1998, the Grand Jury indicted defendant for attempted assault in the second degree.
On February 23, 1999, the Grand Jury reconvened to hear additional charges sought against the defendant by the prosecution in connection with the same incident. The only additional evidence introduced by the People was a medical report from Lutheran Medical Center dated December 28, 1998. In pertinent part, the report provides: “[p]atient complains of pain to the left side of the face, jaw, and swelling and redness to the left side of the face * * *' [u]nable to close jaw totally * * * left zygomatic arch fracture * * * [depressed fracture involving the left zygoma.” The Grand Jury indicted defendant for the additional crimes of assault in the first degree, assault in the second degree, attempted assault in the second degree, unlawful imprisonment in the first and second degrees, and sexual abuse in the first and third degrees.
DISCUSSION
The issue before this court is whether the evidence introduced before the Grand Jury is sufficient to support a charge against the defendant for assault in the first degree. (Penal Law § 120.10 [2]).* A person is guilty of assault in the first degree (Penal Law § 120.10 [2]) when “[w]ith intent to disfigure another person, seriously and permanently, or to destroy, amputate or disable permanently a member or organ of his body, he causes such injury to such person or to a third person.” The People are required to make out a prima facie case that the accused committed the crime charged by presenting legally sufficient evidence establishing all of the elements of the crime. (People v Jennings, 69 NY2d 103, 115.) On a motion to dismiss, the reviewing court’s inquiry is confined to legal sufficiency of the evidence and the court is not to weigh the proof or examine its adequacy. (People v Galatro, 84 NY2d 160, 164; People v Jennings, 69 NY2d, supra, at 115.) In determining whether the evidence before the Grand Jury is legally sufficient, the evidence must be viewed most favorably to the People. (People v Gordon, 88 NY2d 92, 96, citing People v Jennings, 69 NY2d, supra, at 115.) The legal sufficiency standard “limits the reviewing court’s inquiry to determining whether the facts, if *814 proven, and the inferences that logically flow from those facts supply proof of every element of the charged crime”. (People v Deegan, 69 NY2d 976, 979.)
Thus, in order to indict, the Grand Jury must be able to show that defendant intended to and did in fact cause permanently disfiguring injuries to the complainant. The uncontroverted facts presented before the Grand Jury demonstrate that defendant grabbed complainant by the throat, struck her repeatedly about the face for a duration of approximately two hours, pulled out her pubic hair, and slammed her head against a wall mirror. The certified medical record presented to the Grand Jury indicates that the victim complained of severe pain, redness, and swelling on the left side of her face and jaw. In addition, the report makes reference to “dental” complications and the victim’s inability to close her jaw. Moreover, the report reads that the complainant suffers from a depressed fracture involving the left zygoma. There is nothing irrational in the Grand Jury’s apparent finding and inference that defendant intended to and did cause a serious and permanently disfiguring injury to complainant.
The question remains, however, whether a zygomatic arch fracture is a permanent injury. The Court of Appeals has most recently indicated that allegations of substantial pain must be deemed sufficient to constitute “physical injury” to support an information filed in criminal court. (See, People v Henderson, 92 NY2d 677.) The Court in Henderson, citing People v Gordon (88 NY2d 92, supra) and People v Swamp (84 NY2d 725), emphasized that a prima facie case requirement is not the same as the burden of proof beyond a reasonable doubt. “A victim would not necessarily know with any certainty, shortly after an attack, what its lasting effects will be.” (People v Henderson, supra, at 681.) The defendant in Henderson, together with another person, allegedly pulled the victim from his motor scooter, kicked him in the legs, causing him to suffer contusions and swelling. The Court of Appeals, citing People v Rojas (61 NY2d 726, 727), was persuaded that a jury could certainly infer that the victim felt substantial pain, given that the beating involved more than just “ ‘petty slaps [or] shoves’ ”. (People v Henderson, supra, at 680.) Likewise, the uncontroverted facts before the Grand Jury revealed that the defendant repeatedly punched complainant with a closed fist about the face and head for a period of at least two hours. Complainant testified before the Grand Jury that she still suffered pain as a result of the assault.
*815 The Court of Appeals in Henderson (supra) has held that in determining whether an information is sufficient to support a prima facie case as to the level of physical injury, the inference should favor legal sufficiency. The facts and circumstances in Henderson are analogous to those of the case sub judice. Thus, the evidence presented to the Grand Jury is held to be legally sufficient as the permanency of the injuries — in particular the depressed fracture involving the left zygoma as well as the victim’s inability to close her jaw — sustained by the complainant may not have been known with any certainty at the time of the Grand Jury presentation. A Grand Jury proceeding normally is held shortly after the incident leading to the convening of that Grand Jury. A victim ought not need to establish the permanency of any injuries to a certainty at such an early stage. If complainant’s injuries are not in fact permanent, the assault in the first degree charge will not survive the applicable standard of proof (beyond a reasonable doubt) at trial.
Accordingly, defendant’s motion to dismiss the count of assault in the first degree is denied.

 The court had previously decided the defendant’s motion to dismiss all counts except for the charge of assault in the first degree. The court requested defendant’s counsel and the People to brief the issue regarding dismissal of this assault count.