People v Espinoza (2020 NY Slip Op 50805(U))

[*1]

People v Espinoza (Ernest)

2020 NY Slip Op 50805(U) [67 Misc 3d 145(A)]

Decided on July 10, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 10, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Shulman, P.J., Cooper, Torres, JJ.

570559/19

The People of the State of New York,
Appellant,
against
Ernest Espinoza, Defendant-Respondent.

The People appeal from an order of the Criminal Court of the City of New York, Bronx
County (Shahabuddeen Abid Ally, J.), entered May 16, 2019, which dismissed the counts of the
accusatory instrument charging defendant with criminal obstruction of breathing or blood
circulation and assault in the third degree.

Per Curiam.
Order (Shahabuddeen Abid Ally, J.), entered May 16, 2019, reversed, on the law, the counts
of the accusatory instrument charging defendant with criminal obstruction of breathing or blood
circulation and assault in the third degree, are reinstated, and the matter remanded to Criminal
Court for further proceedings.
We find unavailing defendant's challenge to the facial sufficiency of the counts of the
accusatory instrument charging criminal obstruction of breathing or blood circulation (see
Penal Law § 121.11[a]) and assault in the third degree (see Penal Law §
120.00[1]). The information alleges that at a specified time and location, the deponent police
officer responded to a radio run of a family dispute in progress and attempted to gain entry to the
location for approximately twenty minutes by knocking on the door and announcing her
presence, while hearing a male voice stating "don't open that door" and a female voice "yelling
for help at a high pitch." When the "crying" victim ultimately opened the door, she stated that
defendant "threw her to the ground" and "choked" her, and the officer observed bruising on the
victim's right thigh and "red marks about her neck and face."
Giving these allegations "a fair and not overly restrictive or technical reading" (People v
Casey, 95 NY2d 354, 360 [2000]), we find "as a matter of common sense and reasonable
pleading" (People v Davis, 13 NY3d 17, 31 [2009]) that they were legally sufficient to
support the assault and criminal obstruction charges dismissed by Criminal Court as facially
insufficient. The criminal obstruction charge was supported by allegations that defendant threw
the victim to [*2]the ground and choked her, and the officer's
observations of red marks on the victim's face and neck (see Matter of Kenrick C., 143 AD3d 600, 601 [2016]; see also People v Briggs, 129 AD3d
1201, 1204 [2015], lv denied 26 NY3d 1038 [2015]).
The allegations were also sufficient for pleading purposes to establish that defendant
intended to cause physical injury to the victim, and caused such injury, in that before choking
her, he threw her to the ground, causing bruising to her thigh and marks on her face and neck (see Matter of Nashally M. v Jamaray
C., 176 AD3d 487 [2019]). We note, in this regard, that a "victim would not necessarily
know with any certainty, shortly after an attack, what its lasting effects will be" (People v
Henderson, 92 NY2d 677, 681 [1999]; see also People v Chiddick, 8 NY3d 445, 447-448 [2007]). Under
these circumstances, the aforementioned allegations "must be deemed sufficient to constitute
'physical injury' to support a facially valid local criminal court information" (People v
Henderson, 92 NY2d at 681).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: July 10, 2020