People v Oquendo (2020 NY Slip Op 51352(U))

[*1]

People v Oquendo (Cesar)

2020 NY Slip Op 51352(U) [69 Misc 3d 141(A)]

Decided on November 13, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 13, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Cooper, J.P., Higgitt, McShan, JJ.

16-273

The People of the State of New York,
Respondent, 
against
Cesar Oquendo, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Erika M. Edwards, J.), rendered October 1, 2015, convicting him, upon his plea of
guilty, of assault in the third degree and petit larceny, and imposing sentence.

Per Curiam.
Judgment of conviction (Erika M. Edwards, J.), rendered October 1, 2015, affirmed. 
In view of defendant's knowing waiver of his right to prosecution by information, the facial
sufficiency of the accusatory instrument must be assessed under the standard required of a
misdemeanor complaint (see People v
Dumay, 23 NY3d 518, 521 [2014]). So viewed, the accusatory instrument was
jurisdictionally valid, since it described facts of an evidentiary nature establishing reasonable
cause to believe that defendant was guilty of assault in the third degree (see Penal Law
§120.00[1]) and petit larceny (see Penal Law § 155.25), the offenses to which
defendant ultimately pleaded guilty. With respect to the assault charge, the "physical injury"
element of the charged crime was satisfied by allegations that defendant "bit[] [the victim's] right
arm causing a laceration and substantial pain" (see People v Henderson, 92 NY2d 677,
680 [1999]; People v Montgomery,
173 AD3d 627, 628 [2019], lv denied 34 NY3d 935 [2019]; People v Mercado, 94 AD3d 502
[2012], lv denied 19 NY3d 999 [2012]), a term which simply means "more than slight or
trivial pain" (People v Chiddick, 8
NY3d 445, 447 [2007]; see Penal Law § 10.00[9]). With respect to the petit
larceny charge, allegations that a security guard inside a specified Pathmark store observed
defendant "remove several items, including 52 toothbrushes, from the shelves," place the items in
a basket and "attempt to leave the store without paying for the items" were nonconclusory and
facially sufficient to support the charged offense (see People v Olivo, 52 NY2d 309,
317-319 [1981]; People v Singh, 58
Misc 3d 157[A] [2018], 2018 NY Slip Op 50216[U][App Term, 1st Dept 2018], lv
denied 31 NY3d 1087 [2018]).
We have reviewed defendant's remaining allegations and find them to be without merit. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE
COURT.
I concurI concurI concur
Decision Date: November 13, 2020