People v Fiore (2020 NY Slip Op 51555(U))

[*1]

People v Fiore (Marion)

2020 NY Slip Op 51555(U) [70 Misc 3d 132(A)]

Decided on December 24, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 24, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., TERRY JANE RUDERMAN, ELIZABETH H.
EMERSON, JJ

2018-1785 N CR

The People of the State of New York,
Respondent,
against
Marion Fiore, Appellant. 

Nassau County Legal Aid Society (Tammy Feman and Gianpaolo Ciocco of counsel), for
appellant.
Nassau County District Attorney (Andrea M. DiGregorio and Amanda Manning of counsel), for
respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Darlene D.
Harris, J.), rendered June 19, 2018. The judgment convicted defendant, upon a jury verdict, of
assault in the third degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a misdemeanor complaint with assault in the third degree (Penal
Law § 120.00 [2]) and supporting depositions were subsequently filed to convert the
accusatory instrument to an information (see CPL 100.15 [3]; 100.40 [1]; 170.65 [1]).
The complainant, Police Officer Vigna, alleged in the factual portion of the accusatory
instrument that, on November 17, 2016, at about 8:27 a.m., defendant recklessly slammed a door
on the victim, during an argument concerning reimbursement of rent. The victim sustained pain
and suffered a laceration on her forehead. The victim was transported to a hospital for treatment.
The incident was witnessed by a neighbor. The supporting deposition of the neighbor alleged that
she observed defendant slam the door in the victim's face causing a laceration to the victim's
forehead. The neighbor further stated that she applied gauze to help stop the bleeding. The
supporting deposition of the victim provides that she was arguing over a deposit check with
defendant, her landlady, who refused to return the victim's deposit. After defendant slammed a
steel door in the victim's face, she suffered a headache and began bleeding from a two inch
laceration on her forehead, which required stitches.
At a jury trial, the victim testified that she was working as a nurse and rented a room in
defendant's home. She moved into the premises on October 3, 2016, and, less than two weeks
[*2]later, she told defendant that it wasn't working out. Defendant
agreed to let her move out of the premises at the end of November. However, she ended up
leaving on November 17th, after the situation had gotten worse. When she arrived home from
work on the evening prior to the incident, the door to the premises had been dead-bolted and she
did not have a key to unlock the door. After knocking on the door, defendant opened the door,
called her names and threatened her as she followed her from the door to her room. The
following morning, defendant wanted something signed and asked her to take her belongings out
of the house. When the victim was standing mostly inside of the threshold of the doorway, she
told defendant that if defendant returned the security deposit, she would return the key. After
defendant told her that she was not going to return the deposit, the door hit her in the forehead
causing her to lose consciousness. The next thing she remembered was seeing blood dripping off
her forehead and on her clothing. She felt very dazed and confused. There was no one else
present at the time, but her neighbor was watching from the door of her home. Her neighbor
came over with gauze to stop the bleeding and called 911. The victim was ultimately taken to the
hospital in an ambulance.
Photographs of the victim were admitted into evidence depicting a two-inch laceration on her
forehead and the ensuing scar. She received treatment for the wound from a plastic surgery team
because it was a deep and jagged cut on her face. The wound was down to the muscle and had to
be sewn with ten stitches. The victim testified further that the injury caused her pain. She still
experiences headaches, dizziness, short term memory loss, trouble finding words and
concentrating. Certified copies of her medical records were admitted into evidence.
Defendant testified that, outside of her home, she told the victim that she was going to
prorate the security deposit. When defendant turned to go back into her home, the victim grabbed
defendant's wrist. Defendant ran back to her home and, as she closed the door, the victim threw
her body on the door to stop it from closing. As the victim was enraged, defendant felt that her
life depended on her getting the door closed.
Following the trial, the jury found defendant guilty of assault in the third degree (Penal Law
§ 120.00 [2]). On appeal, defendant contends, among other things, that the misdemeanor
complaint was not properly converted to an information, and that the accusatory instrument is
facially defective since it failed to establish that she had acted recklessly or that she had caused a
physical injury to the victim. Moreover, defendant argues that the evidence was legally
insufficient and the verdict was against the weight of the evidence.
A misdemeanor complaint is deemed to have been converted and replaced by an information
where the misdemeanor complaint and the accompanying supporting depositions satisfy the
requirements of an information (CPL 170.65 [1]). Additionally, since defendant had not waived
her right to prosecution by information (see CPL 170.65 [3]), we must review the
sufficiency of the accusatory instrument based on the standard applicable to an information (see People v Hatton, 26 NY3d
364, 368-369 [2015]). As defendant never moved pretrial to dismiss the accusatory
instrument, in order for it to be facially sufficient, the "allegations of the factual part of the
information and/or of any supporting depositions [must] establish, if true, every element of the
offense charged and the defendant's commission thereof" (CPL 100.40 [1] [c]; see CPL
100.15 [3]; People v Dumay, 23
NY3d 518, 522 [2014]; People v
Kalin, 12 NY3d 225 [2009]).
"A person is guilty of assault in the third degree when . . . [sh]e recklessly causes physical
[*3]injury to another person" (Penal Law § 120.00 [2]). "A
person acts recklessly . . . when [s]he is aware of and consciously disregards a substantial and
unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of
such nature and degree that disregard thereof constitutes a gross deviation from the standard of
conduct that a reasonable person would observe in the situation" (Penal Law § 15.05 [3]). A
culpable mental state is generally to be inferred from the defendant's conduct and the surrounding
circumstances (see People v
Rodriguez, 17 NY3d 486, 489 [2011]; People v Bracey, 41 NY2d 296, 301
[1977]; People v O'Neill, 49 Misc
3d 132[A], 2015 NY Slip Op 51440[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists
2015]). Here, it can be inferred from the facts alleged in the information and the supporting
depositions, that defendant acted recklessly, in that she consciously disregarded a substantial and
unjustifiable risk of physical injury to the victim by precipitously slamming the steel door
shut.
Physical injury is defined as an "impairment of physical condition or substantial pain" (Penal
Law § 10.00 [9]). "[S]ubstantial pain cannot be defined precisely, but . . . it is more than
slight or trivial pain" (People v
Chiddick, 8 NY3d 445, 447 [2007] [internal quotation marks omitted]). Yet, the "[p]ain
need not . . . be severe or intense to be substantial" (id.). Moreover, an accusatory
instrument need not detail the extent of a complainant's injuries (see People v Henderson,
92 NY2d 677, 681 [1999]). Indeed, at the pleading stage, that information might not even be
known yet (id. at 680-681). Determining whether either the duration or the severity of the
pain rose to the necessary level is a matter for the finder of fact at trial (see People v
Rojas, 61 NY2d 726, 727 [1984]; see also People v Krotoszynski, 43 AD3d 450,
452-453 [2007]; People v Coward, 100 AD2d 628 [1984]). Here, the factual allegations
contained in the information together with the supporting depositions were sufficient to establish
that the victim sustained a physical injury so as to make out a prima facie case of assault in the
third degree (see CPL 100.15 [3]; 100.40 [1]; see also People v Henderson, 92
NY2d at 681; People v Mercado, 94
AD3d 502 [2012]; People v
Johnson, 48 Misc 3d 130[A], 2015 NY Slip Op 51023[U] [App Term, 1st Dept 2015];
People v Lexus M., 45 Misc 3d
127[A], 2014 NY Slip Op 51455[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014];
People v Caniglia, 2 Misc 3d
134[A], 2004 NY Slip Op 50188[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2004]).
Viewing the evidence in the light most favorable to the People (see People v Contes,
60 NY2d 620, 621 [1983]), we find that the foregoing evidence was legally sufficient to establish
defendant's guilt of assault in the third degree (see Penal Law § 120.00 [2]) beyond
a reasonable doubt. Furthermore, upon the exercise of this court's factual review power
(see CPL 470.15 [5]; People v
Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the
factfinder's opportunity to view the witnesses, hear their testimony, observe their demeanor, and
assess their credibility (see People v
Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]),
we find that the verdict was not against the weight of the evidence (see People v Romero, 7 NY3d
633, 643-646 [2006]).
The remaining contentions raised by defendant either lack merit or are not properly before
this court (see People v Boone, 84
AD3d 1108 [2011]; People v
Gantt, 77 AD3d 988, 989 [2010]).
Accordingly, the judgment of conviction is affirmed.
ADAMS, P.J., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 24, 2020