People v Gray (2021 NY Slip Op 50106(U))

[*1]

People v Gray (Roderick)

2021 NY Slip Op 50106(U) [70 Misc 3d 139(A)]

Decided on February 11, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 11, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, Brigantti, JJ.

570196/19

The People of the State of New York,
Respondent, 
against
Roderick Gray, Defendant-Appellant.

Defendant appeals from the judgment of the Criminal Court of the City of New York, New
York County (Sandra Elena Roper, J., at plea; Laurie Peterson, J., at sentencing), rendered
October 12, 2018, convicting him, upon a plea of guilty, of assault in the third degree, and
imposing sentence.

Per Curiam.
Judgment of conviction (Sandra Elena Roper, J., at plea; Laurie Peterson, J., at sentencing),
rendered October 12, 2018, affirmed.
Since defendant waived prosecution by information, the accusatory instrument only had to
satisfy the reasonable cause requirement of a misdemeanor complaint (see People v
Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was
jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable
cause to believe that defendant was guilty of assault in the third degree (see Penal Law
§ 120.00[1]). The "physical injury" element of the crime was satisfied by allegations that, in
the course of committing a robbery, defendant and another individual "str[uck] [the victim] about
the face with a closed fist, causing a laceration." Based on these allegations, a reasonable person
could infer that the victim felt substantial pain (see People v Henderson, 92 NY2d 677,
680 [1999]; Penal Law § 10.00[9]), a term that simply means "more than slight or trivial
pain" (People v Chiddick, 8 NY3d 445, 447 [2007]; People v Mercado, 94 AD3d 502, 502 [2012], lv denied 19
NY3d 999 [2012]).At the pleading stage, defendant's intent to cause physical injury was readily
inferable from his actions (see Matter of
Edward H., 61 AD3d 473 [2009]; Matter of Joseph J., 299 AD2d 235
[2002]).
In any event, even if we were to agree with defendant that the assault charge was
jurisdictionally defective, the proper remedy would be to remand for further proceedings on the
remaining charges in the felony complaint. Since defendant is not entitled to dismissal of the
accusatory instrument, the only relief requested on appeal, we affirm on this basis as well.
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: February 11, 2021