People v Uslov (2021 NY Slip Op 50243(U))

[*1]

People v Uslov (George)

2021 NY Slip Op 50243(U) [71 Misc 3d 128(A)]

Decided on March 19, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 19, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Higgitt, J.P., Brigantti, Hagler, JJ.

17-240

The People of the State of New York,
Respondent, - 
against
George Uslov, Defendant-Appellant.

In a consolidated criminal proceeding, defendant appeals from two judgments of the
Criminal Court of the City of New York, New York County (Ann E. Scherzer, J.), rendered July
15, 2016, convicting him, upon his pleas of guilty, of assault in the third degree and criminal
contempt in the second degree, and imposing sentence.

Per Curiam.
Judgments of conviction (Ann E. Scherzer, J.), rendered July 15, 2016, affirmed.
In view of defendant's knowing waiver of the right to prosecution by information, the
accusatory instrument only had to satisfy the reasonable cause requirement (see People v
Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument under docket
number 2014NY056096 was jurisdictionally valid because it described facts of an evidentiary
nature establishing reasonable cause to believe that defendant was guilty of assault in the third
degree (see Penal Law § 120.00). The instrument recites that defendant beat the
victim, his wife, causing a "laceration under her right eye" that was "bleeding," and "bruising and
swelling to her right eye, nose and face and bruises on her torso and arms." Based upon these
allegations, one may reasonably infer that defendant intended to and did cause "physical injury"
to the victim, i.e., "substantial pain" (Penal Law § 10.00[9]; see People v
Henderson, 92 NY2d 677, 680 [1999]; People v Mercado, 94 AD3d 502 [2012], lv denied 19
NY3d 999 [2012]), a term which simply means "more than slight or trivial pain" (People v
Chiddick, 8 NY3d 445, 447 [2007]).
With respect to docket number 2014NY092428, defendant's challenge to his plea to
second-degree criminal contempt is unpreserved, since he failed to make an appropriate
postallocution motion or otherwise raise this challenge in the plea court, despite ample
opportunity to do so within the two months between his guilty plea and sentencing (see People v Laroche, 142 AD3d
872 [2016], lv denied 28 NY3d 1073 [2016]). We decline to review this challenge in
the interest of justice. As an alternative holding, we find that the plea was knowing, intelligent
and voluntary. Even if defense counsel's statement - that defendant resided at the location where
he allegedly violated the "stay away" and do "not communicate" terms of the order of protection -
was sufficient to cast doubt upon defendant's guilt to second-degree criminal [*2]contempt, the court "properly conducted further inquiry to ensure
that defendant's plea was knowing and voluntary" (People v Lopez, 71 NY2d 662, 667
[1988]), and that he violated the order of protection by communicating with the protected person
at the subject location (see People v
Sandford, 173 AD3d 777, 778 [2019], lv denied 34 NY3d 984 [2019]). All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: March 19, 2021