People v Jalloh (2022 NY Slip Op 50999(U))

[*1]

People v Jalloh (Ahmed)

2022 NY Slip Op 50999(U) [76 Misc 3d 137(A)]

Decided on October 14, 2022

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 14, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, J.P., Tisch, Michael, JJ.

570182/16

The People of the State of New
York, Respondent,
against
Ahmed Jalloh,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
New York County (Diana M. Boyar, J. at plea; Heidi C. Cesare, J. at re-plea and
sentencing), rendered March 14, 2016, convicting him, upon a plea of guilty, of
disorderly conduct, and imposing sentence.

Per Curiam.
Judgment of conviction (Diana M. Boyar, J. at plea; Heidi C. Cesare, J. at re-plea
and sentencing), rendered March 14, 2016, affirmed.
In view of defendant's knowing waiver of the right to prosecution by information,
the accusatory instrument only had to satisfy the reasonable cause requirement of a
misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So
viewed, the accusatory instrument was jurisdictionally valid because it described facts of
an evidentiary nature establishing reasonable cause to believe that defendant was guilty
of third-degree assault (see Penal Law § 120.00). The "physical injury"
element of the offense was satisfied by allegations that defendant struck the complainant
"about the face with a closed fist," causing "swelling, bruising, redness and substantial
pain." Based on these allegations, a reasonable person could infer that the victim felt
"substantial pain" (Penal Law § 10.00[9]; see People v Henderson, 92 NY2d
677, 680 [1999]; People v
Mercado, 94 AD3d 502 [2012], lv denied 19 NY3d 999 [2012]), a term
which simply means "more than slight or trivial pain" (People v Chiddick, 8
NY3d 445, 447 [2007]). Defendant's intent to cause physical injury was readily inferable
from his actions (see Matter of
Edward H., 61 AD3d 473, 473 [2009]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: October 14, 2022