People v Derek P. (2023 NY Slip Op 50689(U))

[*1]

People v Derek P.

2023 NY Slip Op 50689(U)

Decided on June 22, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 22, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, JAMES P. McCORMACK, JJ.

2021-433 S CR

The People of the State of New York, Respondent,
against
Derek P. (Anonymous), Appellant. 

Suffolk County Legal Aid Society (Genevieve M. Cahill of counsel), for appellant.
Suffolk County District Attorney (Alfred Croce and Marion Tang of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, First District (Karen Kerr, J.), rendered July 14, 2021. The judgment, after a nonjury trial, adjudicated defendant a youthful offender, upon a verdict finding him guilty of assault in the third degree, and imposed sentence.

ORDERED that the judgment adjudicating defendant a youthful offender is affirmed.
In an accusatory instrument titled "misdemeanor information" dated May 28, 2019, defendant was charged with assault in the third degree (Penal Law § 120.00 [1]). In a supporting deposition, the victim alleged, among other things, that defendant continuously punched him in the face until he fell to the floor, at which time defendant began kicking him and punching him while he was on the floor.
After a nonjury trial, defendant was adjudicated a youthful offender, upon a verdict finding him guilty of assault in the third degree, and sentenced to a period of three years' probation and restitution, the manner and amount of which was ordered without a hearing and on consent by defense counsel.
"A person is guilty of assault in the third degree when . . . [w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person" (Penal Law § 120.00 [1]). Physical injury is defined as "impairment of physical condition or substantial pain" [*2](Penal Law § 10.00 [9]). "[S]ubstantial pain cannot be defined precisely, but . . . it is more than slight or trivial pain" (People v Chiddick, 8 NY3d 445, 447 [2007] [internal quotation marks omitted]). "[P]etty slaps, shoves, kicks and the like delivered out of hostility, meanness and similar motives" are not within the definition of physical injury (Matter of Philip A., 49 NY2d 198, 200 [1980]). It must be something more than a mere technical battery (see People v Henderson, 92 NY2d 677, 680 [1999]).
Contrary to defendant's contention, the information was jurisdictionally valid because the nonhearsay allegations of the supporting deposition established, if true, every element of the offense of assault in the third degree (see Penal Law § 120.00) and defendant's commission thereof (see CPL 100.40 [1] [c]). Based on the allegations that defendant repeatedly punched the victim in the face causing him to fall to the ground and then began kicking and punching the victim while he was on the floor, a reasonable person could infer that the victim sustained a physical injury and felt substantial pain (see Penal Law § 10.00 [9]; People v Ross, 70 Misc 3d 143[A], 2021 NY Slip Op 50174[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]).
Defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt was not preserved for appellate review since he failed to raise any such argument with specificity before the District Court (see CPL470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]).
In any event, evidence is legally sufficient where " 'any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial, viewed in the light most favorable to the People' " (People v Dubarry, 25 NY3d 161, 178 [2015], quoting People v Hines, 97 NY2d 56, 62 [2001]; see CPL 70.10). A court "could theoretically uphold a conviction that was premised on inherently contradictory testimony by a single witness because the [finder of fact] could have accepted the testimony that supported the People and rejected that which did not" (People v Delamota, 18 NY3d 107, 113 [2011]). Indulging in " 'all reasonable evidentiary inferences' " in the People's favor (People v Gordon, 23 NY3d 643, 649 [2014], quoting Delamota, 18 NY3d at 113), we find that the evidence established that defendant repeatedly punched the victim in the face with a closed fist which resulted in the victim's injuries, consisting of a fractured nose, the loss of his front teeth and a laceration to his ear, for which he received medical treatment. The element of physical injury was established by evidence that he experienced substantial pain (see Penal Law § 10.00 [9]). Further, upon the exercise of our factual review power, we are satisfied that the verdict of guilt of assault in the third degree was not against the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]; People v Romero, 7 NY3d 633 [2006]).
We find that defendant's remaining contentions are either without merit or unpreserved for appellate review.
Accordingly, the judgment adjudicating defendant a youthful offender is affirmed.
GARGUILO, P.J., EMERSON and McCORMACK, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 22, 2023