People v Tolbert (2025 NY Slip Op 50416(U))

[*1]

People v Tolbert

2025 NY Slip Op 50416(U)

Decided on March 31, 2025

Criminal Court Of The City Of New York, Kings County

Whitehair, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 31, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Nachelle Tolbert, Defendant.

Docket No. CR-030764-24KN

People: Kings County District Attorney's Office by ADA Jonathan Johnson.
Defendant: Brooklyn Defender Services by Stephanie Salomon, Esq.

Christopher E. Whitehair, J.

Defendant moves for an order of dismissal on speedy trial grounds alleging that the accusatory instrument contains a facially insufficient charge thereby rendering the People's statement of readiness illusory. Additionally, defendant moves for dismissal on the ground that omissions in the People's disclosure renders their statement of readiness and certificate of compliance illusory. 
The People oppose. 
For the reasons explained more fully herein, defendant's motion to dismiss is DENIED.
PROCEDURAL HISTORY
Defendant was arraigned on a misdemeanor complaint which was filed on July 24, 2024, charging Criminal Contempt in the Second Degree and related charges. This commenced the running of the ninety-day period, less excludable time, within which the People must be ready for trial pursuant to the requirements of CPL § 30.30(1)(b). On October 9, 2024, the People filed their COC and SOR. On November 8, 2024, defense counsel sent a conferral email. On November 21, 2024, defense counsel filed the underlying motion. On February 4, 2025, the People served additional discovery on defense counsel and filed a supplemental COC. 
FACIAL SUFFICIENCY
To be deemed facially sufficient a misdemeanor information must contain non-hearsay allegations of an evidentiary nature that provide reasonable cause to believe that the defendant committed the offenses charged and, if true, the allegations must establish every element of each offense (See, People v Alejandro, 70 NY2d 133, 137 [1987]; and CPL § 100.40[1]). Facial sufficiency is determined by reviewing the factual portion of the accusatory instrument in conjunction with any supporting depositions. However, the prima facie requirement for the facial sufficiency of an information "is not the same as the burden of proof beyond a reasonable doubt required at trial, nor does it rise to the level of legally sufficient evidence that is necessary to survive a motion to dismiss based upon the proof presented at trial" (People v. Smalls, 26 NY3d 1064, 1066 [2015]). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being [*2]tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v. Casey, 95 NY2d 354, 360 [2000]). The court must assume that the factual allegations are true and must consider all reasonable inferences that may be drawn from the allegations (CPL § 100.15; Alejandro, 70 NY2d at 135; People v Henderson, 92 NY2d 677 [1999]). The court need not negate every other plausible theory when a reasonable view of the facts establishes the offense charged (People v Dumay, 23 NY3d 518, 525-526 [2014]).
SPEEDY TRIAL
Once a defendant alleges that the People have failed to announce their trial readiness within the statutory speedy trial time, the People must demonstrate that the disputed adjournments are excludable by reference to a statutory provision. People v. Luperon, 85 NY2d 71, 77-78 (1995); People v. Cortes, 80 NY2d 201 (1992); People v. Santos, 68 NY2d 859 (1986); People v. Berkowitz, 50 NY2d 333 (1980).
The prosecution also bears the burden to clarify, on the record, the basis for an adjournment so that the motion court can determine to whom the adjournment should be charged. People v. Cortes, supra, at 215-216; People v. Liotta, 79 NY2d 841 (1992); People v. Berkowitz, supra.
The People have a corresponding obligation regarding their Certificate of Readiness, as a "statement of trial readiness must be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of section 245 of this chapter and the defense shall be afforded an opportunity to be heard on the record as to whether the disclosure requirements have been met." CPL § 30.30(5). 
CERTIFICATE OF COMPLIANCE
CPL § 245.20(1) provides that, as part of initial discovery, the "prosecution shall disclose to the defendant, and permit the defendant to discover, inspect, copy, photograph and test, all items and information that relate to the subject matter of the case." This statute then provides a non-exhaustive list of categories of materials that are subject to disclosure. The COC "shall state that, after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery." CPL § 245.50. 
The People are required to disclose documents "concerning physical or mental examinations . . . relating to the criminal action or proceeding which were made by or at the request or direction of a public servant engaged in law enforcement activity, or which were made by a person whom the prosecutor intends to call as a witness at trial or a pre-trial hearing, or which the prosecution intends to introduce at trial or a pre-trial hearing" CPL § 245.20[1][j].
The People have a continuing duty to disclose material and, if they subsequently learn of material that should have been turned over, they are required to turn it over "expeditiously" pursuant to CPL § 245.60. The court, in its discretion, has a vast array of remedies or sanctions for failure to comply with discovery, including preclusion of evidence, an adverse instruction to the jury or dismissal (see CPL § 245.80[2]). Where the People acted with due diligence but nevertheless disclosed material belatedly, the court shall impose an appropriate sanction if the party entitled to disclosure makes a showing of prejudice (see CPL § 245.80[1]). Additionally, "no adverse consequence . . . shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in section 245.80." CPL § 245.60. 
In any challenge to the People's certification of compliance, the key question is whether the People exercised the requisite level of diligence and made reasonable inquiries to ascertain the existence of the materials. People v. Bay, 41 NY3d 200, 232 N.E.3d 168, 208 N.Y.S.3d 490, 2023 NY Slip Op. 06407 (2023). "There is no rule of "strict liability"; that is, the statute does not require or anticipate a "perfect prosecutor." Id. at 212. In this case-specific analysis, the court will consider, among other factors: the prosecutor's efforts "to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to the prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery." Id. at 212. Further, a subsequent filing of a supplemental certificate of compliance cannot cure a discovery failure where the People did not exercise due diligence before the initial certificate was filed. Id. at 212. Finally, when a certificate of compliance is found to be invalid for a lack of due diligence, a defendant need not demonstrate prejudice to obtain a speedy trial dismissal based on untimely discovery compliance. Id. at 213. 
DISCUSSION
Defendant argues that the two counts of Aggravated Harassment in the Second Degree are facially insufficient because the accusatory instrument fails to allege that the defendant made a threat to cause physical harm to the complainant.
PL §§ 240.30(1)(a) and (1)(b) provide in pertinent part:
A person is guilty of aggravated harassment in the second degree when: with intent to harass another person, the actor either: (a) communicates, anonymously or otherwise, by telephone . . . a threat to cause physical harm . . . or (b) causes a communication to be initiated anonymously or otherwise, by telephone . . . a threat to cause physical harm . . . and the actor knows or reasonably should know that such communication will cause such person to reasonably fear harm to such person's physical safety . . .
It is alleged that on the same day that the complainant received an order of protection from Family Court restraining the defendant from threatening, intimidating, or communicating with her, among other prohibited behavior, the complainant received several calls from a blocked number. It is further alleged that the complainant recognized the voice on the other end of the call as belonging to the defendant who allegedly stated: "I'll hit you with the car again. I'll beat you up."
Defendant argues that the alleged statements lack any temporality or immediacy thereby negating them as a "true threat of harm." Such argument is without merit. The alleged statements must be viewed in the context of the existing Family Court Order of Protection which had just been issued. It is apodictic that if the defendant is allegedly willing to violate this order, and risk the attendant penal consequences, the subject communications are inherently more threatening. Moreover, the alleged communications are not conditional in that they do not contain any "if", "when", or "triggering event" preceding the threat of physical harm. Finally, the alleged statements are unambiguous on their face in threatening physical harm. See, People v. Sease, 229 AD3d 810 (2d Dept 2024) wherein the Second Department confirmed defendant's conviction for Aggravated Harassment in the Second Degree where defendant communicated to the complainant: "remember what happened last time it can happen again." At the pleading stage the court must assume that the factual allegations are true and must consider all reasonable [*3]inferences that may be drawn from the allegations (CPL § 100.15; Alejandro, 70 NY2d at 135; People v Henderson, 92 NY2d 677 [1999]). Accordingly, defendant's motion to dismiss for facial insufficiency is denied.
In addition to arguing dismissal based upon facial insufficiency, defendant argues that omissions in the People's discovery renders their COC and SOR illusory. Specifically, defendant contends that the People failed to turn over or belatedly turned over the following material: text messages between the complainant and Detective Courtney; the wanted flyer; video of the identification procedure; I-card; and activity logs for Detective Courtney and Officers Flores and Castro. At the outset the court notes that the defendant sent a conferral email and less than two weeks later filed the underlying motion, barely giving the People a chance to investigate and respond before seeking the court's intervention.
The People acknowledge that the activity logs were belatedly disclosed and that a supplemental COC was filed. Additionally, the People submit that they have made numerous requests to the arresting officer for any discovery related to this case and have turned over everything that exists and is in their possession. The People cannot turn over discovery which is "alleged" to exist but which in fact does not. Defense counsel has not alleged any basis to believe that a wanted flyer was generated in this case, that the identification procedure was recorded (they usually are not recorded) or that any text messages were generated between Detective Courtney and the complainant.
CONCLUSION
Applying the factors enumerated in Bay the court finds that defendant's motion to invalidate the People's COC is not justified. The accusatory instrument was filed on July 24, 2024, the COC and SOR were filed on October 9, 2024, and defense counsel filed the underlying motion on November 21, 2024. As the court finds the People's COC and SOR to be valid, the People are charged a total of seventy-seven days. As the People have not exceeded their ninety-day speedy-trial time limitation, the defendant's motion to dismiss is DENIED.
This constitutes the Decision and Order of the court.
Dated: March 31, 2025
Brooklyn, New York
ENTER:
Christopher E. Whitehair, J.C.C.