People v Griffin (2025 NY Slip Op 50660(U))

[*1]

People v Griffin

2025 NY Slip Op 50660(U)

Decided on April 23, 2025

Criminal Court Of The City Of New York, New York County

Coleman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 23, 2025
Criminal Court of the City of New York, New York County

The People of the State of New York, Plaintiff,

against
Louis Griffin, Defendant.

CR-033993-24NY

Alvin L. Bragg, Jr., District Attorney, New York County (Alexander Logan of counsel), for plaintiff. 
David Krauss, New York City, for defendant.

Ilona B. Coleman, J.

In his omnibus motion, Mr. Griffin moves to dismiss the charge of assault in the third degree as facially insufficient, to preclude the People from introducing evidence of prior bad acts at trial, and to suppress identification testimony at trial related to both a prior, out-of-court identification and a first-time, in-court identification. 
First, the motion to dismiss is denied. Mr. Griffin's sole argument is that the information does not sufficiently allege that the complainant suffered "physical injury," which is an element of Penal Law § 120.00 (1). "Physical injury" is defined in Penal Law § 10.00 (9) as "impairment of physical condition or substantial pain." (Emphasis added.) Here, the information alleges that Mr. Griffin struck the complainant in the face with a champagne bottle, causing a laceration which required stitches, as well as bruising and substantial pain. These allegations are clearly sufficient to establish that the complainant experienced substantial pain and, therefore, physical injury (see People v Henderson, 92 NY2d 677, 680 [1999] [allegations of contusions, swelling, and substantial pain sufficient to allege physical injury]). 
Next, the motion to suppress identification testimony is granted to the extent that a pre-trial Perdue hearing will be held immediately before trial. The request for a Wade/Rodriguez hearing is denied as the defense has not alleged that there was any "previous identification of the defendant" that if "improperly made" would render such testimony inadmissible (CPL 710.20 [6]; see also CPL 710.60 [3] [a]). The People have, however, served notice of their intent to elicit a first-time, in-court identification at trial pursuant to People v Perdue, 41 NY3d 245 (2023), and Mr. Griffin has moved to preclude such testimony on the grounds that it would be unduly suggestive. The Court of Appeals in Perdue explained that, before admitting such testimony, the trial court "must consider the danger of misidentification from the suggestiveness of a first-time, in-court identification" and weigh it against any "independent assurances of the identification's reliability." (Id. at 252 [emphasis added].) In the interest of both fairness and efficiency, this determination is best made outside the presence of the jury at a pretrial hearing. [*2]A pretrial Perdue hearing, at which the People will have the burden to prove the admissibility of their proffered identification, is therefore granted.
Finally, the motion to preclude evidence of prior bad acts is referred to the trial court. The People are directed to provide supplemental discovery to the defense as soon as practicable and at least fifteen calendar days prior to the first scheduled trial date (CPL 245.20 [3]; CPL 245.10 [1] [b]). 
This constitutes the decision and order of the court.
Dated: April 23, 2025
New York, NY
Ilona B. Coleman, J.C.C.