People v Boyd (2025 NY Slip Op 50745(U))

[*1]

People v Boyd (Anthony)

2025 NY Slip Op 50745(U) [85 Misc 3d 142(A)]

Decided on May 12, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 12, 2025
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

570543/19

The People of the State of New
York, Respondent, 
against
Anthony Boyd,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
New York County (Nicholas W. Moyne, J.), rendered May 17, 2019, convicting him,
upon a plea of guilty, of assault in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Nicholas W. Moyne, J.), rendered May 17, 2019, affirmed.

In view of defendant's knowing waiver of the right to prosecution by information,
the accusatory instrument only had to satisfy the reasonable cause requirement of a
misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So
viewed, the accusatory instrument was jurisdictionally valid because it described facts of
an evidentiary nature establishing reasonable cause to believe that defendant was guilty
of third-degree assault (see Penal Law § 120.00). The "physical injury"
element of the offense was satisfied by allegations that defendant "str[uck] [the
complainant] about the face with a closed fist, causing redness and swelling to his face
and neck, a bruise to his left eye, a scratch on his neck, and substantial pain." Based on
these allegations, a reasonable person could infer that the victim felt "substantial pain"
(Penal Law § 10.00 [9]; see People v Henderson, 92 NY2d 677, 680 [1999];
People v Mercado, 94
AD3d 502 [2012], lv denied 19 NY3d 999 [2012]), a term which simply
means "more than slight or trivial pain" (People v Chiddick, 8 NY3d 445, 447
[2007]).
Contrary to defendant's further contention, the complaint "contained sufficient
nonconclusory allegations" that defendant was the individual who committed the offense
(People v Thomas, 220
AD3d 582, 582 [2023], lv denied 41 NY3d 944 [2024]). Defendant knew
from the complaint's factual allegations what he was accused of doing; where, when, and
how he allegedly did it; and could assess what defenses were available to him (see
People v Willis, NY3d , 2025 NY Slip Op 01405, *2 [Mar. 13, 2025,
Troutman, J.]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: May 12, 2025