| People v Lopez |
|:---:|
| 2026 NY Slip Op 30846(U) |
| March 12, 2026 |
| Criminal Court of the City of New York, New York County |
| Docket Number: Docket No. CR-000892-25NY |
| Judge: Terence W. McCormick |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK : PART E

<table>
<tr><td>THE PEOPLE OF THE STATE OF NEW YORK,<br><br>- against -<br><br>HERMIS LOPEZ,<br><br> Defendant. </td><td>DECISION AND ORDER<br><br>Docket Number<br><br>CR-000892-25NY</td></tr>
</table>

TERENCE W. McCORMICK, J:

Defendant, charged with one count of VTL § 511(1)(a) (Aggravated Unlicensed Operation of a Motor Vehicle in the Third Degree) and one count of VTL § 509(1) (Unlicensed Driving), moves this Court to dismiss the accusatory instrument as facially insufficient pursuant to CPL §§ 100.40 and 170.35(1). For the reasons set forth below, the Court finds the accusatory instrument to be facially sufficient and declines to invalidate the People's COR. The branches of Defendant's motion seeking suppression, preclusion, or pretrial hearings are GRANTED in part and DENIED in part.

## BACKGROUND

On January 9, 2025, Defendant, Hermis Lopez, was arrested and given a desk appearance ticket to come to court on January 29, 2025. On January 29, 2025, Defendant did not appear in court, and a bench warrant was ordered. On March 12, 2025, Defendant appeared in court where he was charged and arraigned with VTL § 511(1)(a) (Aggravated Unlicensed Operation of a Motor Vehicle in the Third Degree) and one count of VTL § 509(1) (Unlicensed Driving). On April 15, 2025, the People filed and served their Certificate of Compliance (COC) and Certificate of Readiness (COR). Over the next few court appearances, the People repeatedly declared their readiness while Defendant periodically failed to appear in court.

<span style="color:red">[* 1]</span>

On June 4, 2025, Defendant filed a motion off calendar to challenge the facial sufficiency of the charges on the accusatory instrument and requesting various hearings. The People responded to the motion on June 30, 2025. Due to Defendant's continued absence from court no decision has been made yet. The decision on this matter is to be issued on April 8, 2026.

## DISCUSSION

Defendant moves to dismiss the accusatory instrument pursuant to CPL § 170.35(1), arguing that the People's information is defective because Defendant was not driving a car but rather waiting for a friend to return for the car when he was arrested by officers. Additionally, Defendant argues that there was no probable cause to arrest him because he did not leave the scene of an accident. The People counter that Defendant improperly argues a lack of probable cause in lieu of arguing about the sufficiency of the complaint.

"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to criminal prosecution." *People v. Dreyden*, l5 N.Y.3d 100, 103 (2010). In order to meet the facial sufficiency standard, a misdemeanor complaint "need only set forth facts that establish reasonable cause to believe that Defendant committed the charged offense." *People v. Dumay*, 23 N.Y.3d 518, 522 (2014); *People v. Kalin*, l2 N.Y.3d 225, 228 (2009). An information, however, "must also set forth 'nonhearsay' allegations which, if true, establish every element of the offense charged and the defendant's commission thereof.'" *Kalin*, 12 N.Y.3d at 228-229, quoting *People v. Henderson*, 92 N.Y.2d 677, 679 (1999).

This prima facie case requirement "is not the same as the burden of proof beyond a reasonable doubt required at trial, nor does it rise to the level of legally sufficient evidence that is necessary to survive a motion to dismiss based on the proof presented at trial." *Kalin*, 12 N.Y.3d at 230; *see also Henderson*, 92 N.Y.2d at 680; *People v. Guaman*, 22 N.Y.3d 678, 681 (2014). As

2

long as the "factual allegations in the information give an accused sufficient notice to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading." *People v. Casey*, 95 N.Y.2d 354, 360 (2000).

An information charging Defendant with violating VTL §§ 511(1)(a) and 509(1) is sufficient if it alleges that the officer knew that Defendant was aware or should have been aware that his license was suspended. *See People v. Rivera*, 934 N.Y.S.2d 36 (Crim. Ct. 2011). Here, in the first-party Information, Police Officer Adrian Mendez stated:

> ... I conducted a computer check of the records from the New York State Department of Motor Vehicles and determined that the defendant's license was suspended three or more times on at least three separate dates and has not been reinstated. I know that the defendant knew his license was suspended because the computer check revealed that his license was suspended for failure to answer a New York summons and all summonses have printed on them, "if you do not answer this ticket by mail within 15 days your license will be suspended." The suspension occurs automatically within four weeks of the defendants failure to answer. [sic]

The factual allegations recite that Officer Mendez was aware that Defendant was not in possession of a valid license after performing a computer check on him which showed that Defendant did not have a valid license. *See id.* Defendant also had this information mailed to his home and would have been made aware of the suspension.

Because the People's complaint is facially sufficient Defendant's motion to dismiss pursuant to CPL § 170.35(1) is DENIED.

3

## SUPPRESSION & EVIDENTIARY HEARINGS

A. <u>Suppress Noticed Statements</u>

Defendant's motion to suppress evidence of noticed statements that Defendant made to law enforcement is GRANTED to the extent that a *Huntley/Dunaway* hearing is ordered to take place before trial. CPL § 710.60(4).

B. <u>Voluntariness Hearing</u>

Defendant's motion to suppress evidence of voluntary statements that Defendant made to civilians is GRANTED to the extent that a voluntariness hearing is ordered to take place before trial. CPL § 710.20(3).

C. <u>Suppress Physical Evidence</u>

Defendant's motion to suppress physical, including non-tangible and testimonial evidence, is DENIED because the People are not offering to introduce any physical evidence.

D. <u>Suppress Identification Evidence</u>[1]

Defendant's motion to suppress identification evidence is DENIED on the grounds that the People have not served PL 710.30(1)(b) notice. Defendant has leave to renew his request if the People intend to introduce identification evidence.

E. *Sandoval*

Defendant's motion to preclude the People from impeaching his credibility with evidence of any prior convictions pursuant to *People v. Sandoval*, 34 N.Y.2d 371 (1974), or uncharged criminal, vicious, or immoral conduct pursuant to CPL § 240.43, is referred to the trial court.

F. <u>Request for a Bill of Particulars</u>

---

[1] It is unclear to the Court what additional evidence defendant wishes to preclude pursuant to CPL § 710.30 aside from statement and identification evidence.

4

Defendant's request for a Bill of Particulars is denied. The Automatic Discovery Form and affirmation in response to defendant's motions "adequately apprise defendant of the charges against [him] with sufficient specificity to enable [him] to prepare and conduct a defense." *People v Elliot*, 299 A.D.2d 731, 732 [3d Dept. 2002]; CPL §200.95.

G. Brady Request

The People are reminded to adhere to their *Brady/Vilardi* obligations.

H. Request for Discovery

The parties are expected to comply with their statutory and constitutional discovery obligations. To the extent the People have not previously done so, the People are directed to preserve and provide pre-trial disclosure of all materials subject to C.P.L. §§ 245.20, 200.95, and 245.55 that are not subject to delayed disclosure.

I. Reservation of Rights

Any additional, supplemental, or amended motions contemplated by Defendant shall be permitted only to the extent that such new or amended motions fall within the scope of CPL §§ 255.20(2) and (3).

Dated: March 12, 2026
New York, New York

ENTER:

_____
Terence W. McCormick, J.C.C.